# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SHOALS TECHNOLOGIES GROUP, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 3:23-cv-01153 ) ) |
| PRYSMIAN CABLES AND SYSTEMS USA, LLC | ) Judge Campbell ) Magistrate Judge Holmes ) ) |
| Defendant. | ) ) ) ) ) |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM

Plaintiff Shoals Technologies Group, LLC ("Shoals"), a publicly traded company, repeated certain facts stated in its Complaint to its investors and other stakeholders as required by law. Such statements are covered by the judicial proceedings absolute privilege. Moreover, Defendant Prysmian Cables and Systems USA, LLC ("Prysmian") improperly attempts to limit the scope of the common interest and fair report qualified privileges cited by Shoals and then claims neither applies to Shoals' statements at the motion to dismiss stage. Prysmian is wrong, as both privileges cover Shoals' claims, and application of these privileges recognize Shoals' right to provide information to protect its own interests and the interests of others without facing a defamation claim. Prysmian's defamation counterclaim should be dismissed.

### I. Shoals' Statements are Covered by the Judicial Proceedings Absolute Privilege.

Shoals' republication of its factual allegations in this case is protected by the judicial proceedings privilege. Prysmian's response ignores the fact that Shoals was obligated under

federal law to inform investors of this material litigation and its underlying facts. *See* 17 C.F.R. § 229.103(a)(1) (requiring that publicly traded companies "[d]escribe briefly any material pending legal proceedings," including "the factual basis alleged to underlie the proceedings"). Thus, because Shoals was "required by law to publish [allegedly] defamatory matter," Shoals is "absolutely privileged to publish it." Restatement (Second) Torts § 592A (1977). Shoals' statements, which are "relevant and pertinent to the issues" in this proceeding, are therefore protected by the judicial proceedings privilege. *Myers v. Pickering Firm, Inc.*, 959 S.W.2d 152, 159 (Tenn. Ct. App. 1997).

Prysmian's reliance on *American Addiction Centers, Inc. v. Nat'l Ass'n of Addiction Treatment Providers*, 515 F. Supp. 3d 820 (M.D. Tenn. 2021), is inapposite. In that case, this Court found that the privilege did not apply when the defendant made statements before Congress and republished the statements at its annual meeting and on its website *without a legal duty mandating republication*. *Id.* at 833–34. In contrast, here, Shoals had a legal duty to republish its allegations.

Prysmian impermissibly attempts to limit the scope of the judicial proceedings privilege by claiming it does not extend to "statements made outside a judicial forum." Dkt. 38 ("Resp.") at 3. In fact, Tennessee courts have applied this privilege much more broadly, including to statements made even before a lawsuit was filed. In *Issa v. Benson*, a case cited by Shoals but ignored by Prysmian, the Tennessee Court of Appeals ruled that the judicial proceedings privilege applied to allegations of bribery and threats to file a lawsuit made in a public setting. 420 S.W.3d 23, 28–29 (Tenn. Ct. App. 2013). There, the plaintiff informed the defendant that, if the defendant opposed the plaintiff's building development efforts, the plaintiff would be forced to file a lawsuit. *Id.* at 29. In response, the defendant threatened to accuse the plaintiff of bribery. *Id.* The defendant later repeated his accusation of bribery to the city council. *Id.* at 24. The court found that the defendant's

accusations were protected under the judicial proceedings privilege because they constituted "a communication preliminary to proposed litigation, and as such fell within the litigation privilege." *Id.* at 29. *Issa* confirms that the privilege is broader than Prysmian suggests. Unlike the defendant in *Issa*, Shoals merely repeated statements to investors and shareholders already made in its publicly filed Complaint.  These statements are privileged.[1]

**II.    Shoals' Statements are Protected by the Common Interest and Fair Report Privileges.**

Prysmian attempts to limit the scope of qualified privileges cited by Shoals, claiming that these privileges to defamation are inapplicable in a motion to dismiss. Resp. at 5–6. But, a categorical denial of these privileges at this stage would defeat the purpose of qualified privileges—to allow parties to avoid litigating over privileged statements. "A qualified privilege is based upon public policy that recognizes information should be given freely when necessary to protect the actor's own interests, the interests of another, or the interests of the public." *Simpson Strong-Tie Co. v. Stewart*, 232 S.W.3d 18, 22 (Tenn. 2007).

A. <u>Shoals' Statements are Protected by the Common Interest Privilege.</u>

Prysmian improperly narrows the scope of the common interest privilege. Prysmian argues that this privilege applies only to communications between individuals within the same business organization. Resp. at 6. Yet, for over 100 years, Tennessee law has recognized that "[q]ualified privilege extends to all communications made in good faith upon any subject-matter in which the party communicating has an interest, or in reference to which he has a duty to a person having a

---

[1] Prysmian's Response likewise ignores that it published its own press release containing statements disparaging Shoals and Shoals' products—the very conduct Prysmian alleges amounts to "defamation" in its counterclaim. Prysmian's press release, unlike Shoals' statements, *goes beyond the statements and allegations Prysmian sets forth in its Answer and Counterclaim*. *See* Dkt. 33 at 7. Prysmian's own conduct belies the legitimacy of Prysmian's counterclaim.

corresponding interest or duty ….” *Southern Ice Co. v. Black*, 136 Tenn. 391, 401 (1916). The Tennessee courts commonly apply this privilege in the employment context, but, as Prysmian concedes, it is not limited solely to that context. Resp. at 6.

Prysmian's argument that Shoals abused this privilege because it did not limit the audience of its statements to the "proper parties" also fails. *Id.* at 7. Prysmian yet again disregards that Shoals' statements were made pursuant to its legal duty to disclose material litigation to its shareholders and the public. *See* 17 C.F.R. § 229.103(a) (requiring public company disclosures); *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 34, 45–47 (2011) (finding plaintiffs had sufficiently plead that public company made a material misrepresentation in failing to disclose pending litigation). Improperly limiting this disclosure also runs contrary to federal law. *See* 15 U.S.C. § 78m (requiring disclosure of material information that could impact company's financials). As such, Shoals' required disclosures of information in its SEC filings and on an earnings call to parties to whom Shoals had a legal duty to report constitute "communications made in good faith upon any subject-matter in which the party communicating has an interest," which brings them within the scope of the common interest privilege. *Southern Ice*, 136 Tenn. at 401.

B. <u>Shoals' Statements are Protected by the Fair Report Privilege.</u>

Prysmian misstates the scope of the fair report privilege. Prysmian argues that this privilege only applies to the media, yet Prysmian's reliance on *American Addiction Centers* undercuts this argument. 515 F. Supp. 3d at 846 n.20 (explaining that the fair report privilege is not limited to news media; rather, it "extends to any person who makes an oral, written or printed report to pass on information that is available to the general public"). The Sixth Circuit has likewise held that this privilege applies to non-media parties. *Amway Corp. v. Procter & Gamble Co.*, 346 F.3d 180,

187–88 (6th Cir. 2003) ("[A] party's publication of any actual court filing or statement made in a judicial proceeding is privileged because the public has a legitimate interest in accessing and viewing that type of information.").

Prysmian's attempt to further limit this privilege through the self-publication exception is equally unfounded. The self-publication exception to the fair report privilege only applies to prevent a party from "using the privilege as a sword rather than a shield." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 217 (Tenn. 2019) (citation omitted). Here, Shoals relies on this privilege as a shield, insomuch as Shoals republished the allegations in its Complaint because, as discussed above, it was legally required to do so. Moreover, courts have found that "[w]ithout allegations that the Complaint itself is defamatory or that Plaintiffs filed the Complaint with a defamatory motive, the self-reporting exception cannot apply." *See, e.g.*, *Myers v. D.C. Hous. Auth.*, 2021 WL 1167032, at *6 (D.D.C. Mar. 26, 2021).[2] Prysmian has made no such allegation.[3]

While Prysmian is correct as a general matter that the common interest and fair report privileges can be defeated by a showing that the statement at issue was made with actual malice, the privileges are nonetheless broad and meant to protect parties from needless litigation. Here, Shoals merely parroted the allegations in its Complaint in the challenged communications, while

---

[2] S*ee also Wayson v. McGrady*, 2019 WL 3852492, at *3 (D. Alaska June 25, 2019); *Argentieri v. Zuckerberg*, 214 Cal. Rptr. 3d 358, 377 (Cal. Ct. App. 2017); *Rosenberg v. Helinski*, 616 A.2d 866, 877 (Md. 1992).

[3] This further distinguishes *American Addiction Centers*, where the plaintiff alleges in its amended complaint that the defendant republished the allegedly defamatory congressional testimony as part of a "concerted and sustained campaign to defame [the plaintiff] and unlawfully and unfairly label [the plaintiff] as an unethical actor in the addiction treatment industry." *See Am. Addiction Centers, Inc.*, No. 3:19-cv-00376 (M.D. Tenn. August 2, 2019), Dkt. 27 at ¶ 20.

under a legal duty to do so. Prysmian cannot show actual malice as a matter of law under these circumstances.[4]

## CONCLUSION

For the foregoing reasons, and as stated more fully in Shoals' Memorandum of Law (Dkt. 33), Count 3 of Prysmian's Counterclaim should be dismissed.

DATED: March 18, 2024

Respectfully submitted,

*/s/ Jessalyn H. Zeigler*
Jessalyn H. Zeigler (TN Bar No. 016139)
Jeffrey Gibson (TN Bar No. 026321)
Courtney A. Hunter (TN Bar No. 038014)
**BASS, BERRY, & SIMS PLC**
150 Third Avenue South Suite 2800
Nashville, TN 37201
(615) 742-6289
jzeigler@bassberry.com
jgibson@bassberry.com
courtney.hunter@bassberry.com

Jim Manley (admitted *pro hac vice*)
Jill Kuhn (admitted *pro hac vice*)
**Troutman Pepper Hamilton Sanders LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
(404) 885-3000
Jim.Manley@Troutman.com
Jill.Kuhn@Troutman.com

*Attorneys for Plaintiff Shoals Technologies Group, LLC*

---

[4] As set forth in Shoals' moving papers, Prysmian has not adequately stated a prima facie claim for defamation, providing another ground for dismissal.

# CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2024, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing upon the following:


David J. Levy
Cullen Pick
1000 Louisiana Street, Suite 4000
Houston, TX 7702
713.890.5000 (Telephone)
david.levy@morganlewis.com
cullen.pick@morganlewis.com

Deanne L. Miller
300 South Grand Ave. 22nd Floor
Los Angeles, CA 90071
213.612.2500 (Telephone)
deanne.miller@morganlewis.com

Matthew Papkin
600 Brickell Avenue, Suite 1600
Miami, FL, 33131-3075
315.415.3000 (Telephone)
matthew.papkin@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP

*Attorneys for Defendant Prysmian Cables and Systems USA, LLC*

                                                  */s/ Jessalyn H. Zeigler*
                                                  Jessalyn H. Zeigler