IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SHOALS TECHNOLOGIES GROUP, LLC | ) ) ) | |
| Plaintiff, | ) ) | NO. 3:23-cv-01153 |
| v. | ) ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE HOLMES |
| PRYSMIAN CABLES AND SYSTEMS USA, LLC | ) ) ) | |
| Defendant. | ) | |

## **MEMORANDUM**

Defendant Prysmian Cables and Systems USA, LLC ("Prysmian") manufactures specialty wire. Plaintiff Shoals Technologies Group, LLC ("Shoals") has purchased what the parties refer to as "Prysmian red wire" from Prysmian since approximately 2014 or 2015. Shoals claims the Prysmian red wire purchased between 2020 and approximately 2022 is defective. Shoals brings claims against Prysmian to recover damages on a number of product liability and breach of warranty theories, and for breach of contract, unjust enrichment, indemnity, intentional misrepresentation, negligence, and gross negligence. Prysmian filed counterclaims for breach of contract and defamation and seeks declaratory judgment on what appear to be all of the legal and factual issues in this case. (Doc. No. 21).

Before the Court are Prysmian's Motion to Dismiss (Doc. No. 17) and Shoals' Motion to Dismiss Defendants' Counterclaim (Doc. No. 32). The motions are fully briefed and ripe for review. (*See* Doc. Nos. 18, 30, 33, 34, 38, 40).

For the reasons stated herein, both motions to dismiss will be **DENIED**.

# I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012). In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to a defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn.*, 528 F.3d 426, 430 (6th Cir. 2008).

# II. ANALYSIS

## A. Failure to State a Claim

Prysmian argues that all of Shoals' claims fail because they do not allege that Prysmian breached the *applicable* terms and conditions or that the product fails to meet *applicable* industry standards. The emphasis on "applicable" is Prysmian's own. Prysmian's argument is not that Shoals fails to identify the terms and conditions that it alleges govern the parties' relationship, but

that the terms and conditions Shoals identifies did not actually apply. Similarly, Prysmian's argument is not that Shoals failed to allege the product fails to meet industry standards, but that the industry standards Shoals identifies do not govern the alleged defect or wires at issue.

The Court cannot make such merits determinations at this early stage in the litigation. Having reviewed the Complaint and the parties' arguments, the Court finds that the Complaint states claims upon which relief may be granted.

**B. Tort Claims**

Prysmian next argues Shoals' tort claims should be dismissed pursuant to the economic loss rule because "Shoals does not allege that it suffered any damage apart from damage to the allegedly defective wire itself" or "damages independent of those allegedly suffered due to Prysmian's alleged breach of contract." (Doc. No. 18 at 11-12). The Complaint alleges other property was or will be damaged by the defective wire. (*See* Compl., Doc. No. 1 ¶¶ 170, 178, 185). At this stage of the case, these allegations are sufficient to state a claim for relief under the tort theories.

**C. Unjust Enrichment**

Prysmian contends Shoals' alternative claim for unjust enrichment must be dismissed because an express contract governs the claims. (*Id*. at 12). Prysmian is correct that Shoals cannot recover on both a breach of contract and an unjust enrichment theory. *See McCarthy v. Ameritech Pub., Inc*., 763 F.3d 469, 487 (6th Cir. 2014). However, a plaintiff may plead alternative theories. *See Solo v. United Parcel Service Co*., 819 F.3d 788, 796 (6th Cir. 2016) ("Rule 8(a)(3) permits pleadings in the alternative 'when, for instance, there is a dispute between the parties as to whether an express agreement exists.'" (quoting *Bowlers' Alley, Inc. v. Cincinnati Ins. Co*., 32 F. Supp. 3d

824, 833-34 (E.D. Mich. 2014)). Accordingly, the motion to dismiss the unjust enrichment claim will be denied.

### D. Punitive Damages

Prysmian also seeks dismissal of the remedy of punitive damages. At this juncture, the Court cannot determine the appropriate remedies and Plaintiff has pleaded claims that, if successful, could serve as the basis for recovery of punitive damages. Accordingly, dismissal of the remedy of punitive damages is not appropriate at this time.

### E. Defamation Counterclaim

Shoals seeks dismissal of Prysmian's defamation counterclaim based on various privilege assertions, which it puts forward as affirmative defenses to that claim. (Doc. No. 33; *see also*, Answer to Counterclaim, Doc. No. 31). Shoals also contends that Prysmian has failed to allege facts to satisfy the basic elements of a defamation claim. (*Id.*).

In Tennessee, a claim for defamation must allege that "(1) a party published a statement; (2) with knowledge that the statement was false and demeaning to the other; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement." *Sullivan v. Baptist Memorial Hospital*, 995 S.W.2d 569, 571 (Tenn. 1999). Prysmian alleges that Shoals knowingly made untrue statements concerning Prysmian's wire. (*See* Counterclaim, Doc. No. 21 ¶¶ 43-45). Accepting these allegations as true, as the Court must at this stage, Prysmian alleges a claim for defamation.

Similarly, it is too early to determine whether the various affirmative defenses raised by Shoals foreclose the defamation claim. Generally, a plaintiff need not plead lack of affirmative defenses to survive a motion to dismiss. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). However, if the complaint "contains facts which satisfy the elements of the defendant's

4

affirmative defense, the district court may apply the affirmative defense." *Estate of Barney v. PNC Bank, Nat'l Assn*., 714 F.3d 920, 926 (6th Cir. 2013). Here, the applicability of Shoals' affirmative defenses cannot be established from the allegations in the Counterclaim. Accordingly, the motion to dismiss the defamation claim based on affirmative defenses will be denied.

### III.   CONCLUSION

For the reasons stated, Prysmian's motion to dismiss (Doc. No. 17) will be **DENIED**, and Shoals' motion to dismiss the counterclaim (Doc. No. 32) will also be **DENIED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE