# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SHOALS TECHNOLOGIES GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No.: 3:23-cv-01153 |
| v. | ) ) ) | JUDGE CAMPBELL<br>MAGISTRATE JUDGE HOLMES |
| PRYSMIAN CABLES AND SYSTEMS USA, LLC, | ) ) ) | |
| Defendant. | ) ) ) ) | |

## PLAINTIFF SHOALS TECHNOLOGIES GROUP, LLC'S
## REPLY IN SUPPORT OF MOTION FOR JURY TRIAL

Plaintiff Shoals Technologies Group, LLC's ("Shoals") hereby replies to Shoals' Motion for Jury Trial. The totality and pervasiveness of Prysmian Cables and Systems USA, LLC's ("Prysmian") withheld knowledge of problems with its wire, crystallized during August–October 2025 depositions of Prysmian's witnesses, has led Shoals to assert its constitutional right under the Seventh Amendment to a jury trial. Under Fed. R. Civ. P. 39(b) and Sixth Circuit law, absent strong and compelling reasons, district courts are to lean in favor of granting a request for a jury trial to protect a party's constitutional right. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004, 1013 (6th Cir. 1987); *Moody v. Pepsi-Cola Metropolitan Bottling Co.*, 915 F.2d 201, 207–08 (6th Cir. 1990); *McKnuckles v. Centerstone of Am.*, 2018 WL 6696992, at *2 (M.D. Tenn. Dec. 20, 2018).

## I. Prysmian has not met its high burden of showing discernable prejudice that supports denying Shoals its constitutional right.

Rule 39(b) motions pertain to a key constitutional right. *SEC v. Jarksey*, 603 U.S. 109, 121 (2024) ("The right to a jury trial is 'of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right' has always been and 'should be scrutinized with the utmost care.'"); *Wilson v. Big Sandy Health Care, Inc.*, 576 F.3d 329, 332 (6th Cir. 2009) ("The right . . . to be tried by a jury of peers was deemed so important by the nation's founder that the Bill of Rights contained explicit reference to the principle."). For that reason, both the Sixth Circuit and this district have made clear that a court should grant a party's Rule 39(b) motion for a jury trial unless the non-moving party can show "strong and compelling reasons" to the contrary. *See, e.g., Kitchen*, 825 F.2d at 1013; *Blount v. Whole Foods Mkt. Downtown Nashville,* 2024 WL 4701883, at *2 (M.D. Tenn. Nov. 6, 2024). The Middle District of Tennessee has described the Sixth Circuit's approach to Rule 39(b) motions as expressing a "general preference for preserving the right to trial by jury." *McKnuckles*, 2018 WL 6696992, at *2.

As Prysmian admits in its Opposition, Sixth Circuit law permits a district court to decide a Rule 39(b) motion based on whether the non-moving party is unfairly prejudiced by the exercise of the constitutional right to a jury trial. (Opp. at 8.) Prysmian, however, fails to support any claim of sufficient prejudice. First, the non-moving party's burden is to show "discernable prejudice," *DeAngelis Diamond Constr., LLC v. Rogers Manuf. Corp.*, 2022 WL 20091657, *1 (M.D. Tenn. Oct. 25, 2022), which cannot be met through "conclusory claims of prejudice," *Kitchen*, 825 F.2d at 1013. Courts in the Sixth Circuit have found claims of prejudice regarding discovery, like Prysmian's, to be too generic and conclusory to meet this high standard. For example, in *Moody*, 915 F.2d at 207–08, the Sixth Circuit called a non-moving party's argument that it would have conducted its preparation and discovery differently if it had known the case would be tried to a jury as "generic." Similarly, in *Acosta v. KDE Equine, LLC*, 2019 WL 13275028, at *3 (W.D. Ky. Mar. 19, 2019), the court stated that it "is unmoved that prejudice exists" when "Plaintiff [] can point only to general trial strategy disruptions and generic discovery concerns."

Second, neither of the Sixth Circuit cases that Prysmian cites as examples of prejudice supports finding discernable prejudice in this case. In *Nationwide Life Ins. Co. v. Penn-Mont Benefits Services, Inc.*, 2006 WL 8424005, *2 (S.D. Ohio June 21, 2006), the court did not base its denial of the Rule 39(b) motion solely on whether it was filed before or after discovery had concluded. Rather, the court noted the moving party's failure to give any reason for its delay in asking for a jury trial. Here, as set forth in Shoals' opening Memorandum, the timing of Shoals' exercise of its constitutional right is tied to the discovery of the totality and pervasiveness of Prysmian's bad faith, intentional misrepresentations, and gross negligence.[1] (Mem. at 3–5, 9.)

---

[1] Prysmian ignores the developing record that has led Shoals to assert its right. Nearly all fact depositions have occurred since May 2025 (concluding last month), and Prysmian has produced

*Developers Diversified of Tennessee, Inc. v. Tokio Marine & Fire Insurance Co.*, 2015 WL 132538477 (M.D. Tenn. Mar. 17, 2015), also does not support Prysmian's arguments. In that case, the plaintiff waited *more than ten years* after the commencement of litigation to ask for a jury trial, during which both parties had filed motions for summary judgment on three different occasions. *Id.* at *1. In addition, lead counsel for the non-moving party submitted an affidavit in support of opposition to the Rule 39(b) motion in which he stated the ways he would have conducted depositions differently had he known that a jury would hear the case. *Id.* at *5. Specifically, counsel averred he would have videotaped "fact witness depositions," given his view that "reading deposition transcripts is the surest way to put a jury to sleep." *Id.* He also stated that he would have phrased some of his questions differently because he had formulated his questions assuming the judge (who was familiar with the facts) would read the transcript. *Id.* Not only are there no such facts alleged by defense counsel, but all the depositions taken in this matter were videotaped and no dispositive motions have yet been filed.[2]

Prysmian's generic assertions of prejudice are insufficient to overcome the high bar of a Rule 39(b) motion. Like in *Moody* and *Acosta*, Prysmian has not identified any specific testimony it lost, no witness it chose not to depose, and no line of questioning it abandoned because it believed only a judge would read the transcript. *See also Zientek v. State Farm Fire & Cas. Co.*, 2007 9734514, at *2 (E.D. Tenn. July 26, 2007) ("minor differences as to how one deposition would have been conducted . . . is not strong or compelling enough" to deny Rule 39(b) motion).

---

nearly 7,000 documents since February 2025, including documents produced this month after the close of discovery. There has been no inadvertence or "gamesmanship" by Shoals. (Opp. 15–16.)
[2] Prysmian has been on notice since at least September 5, 2025, that Shoals intended to exercise its right to a jury trial. (Dkt. 73 at 8 n.1.) Nevertheless, Prysmian did nothing differently during the 15 depositions taken since that date (33% of all depositions), including 30(b)(6) depositions, which belies its argument it would have conducted depositions differently.

## II. Prysmian has not met its high burden of showing that a rational jury could not make a decision in this case.

Prysmian argues that Shoals should be denied its constitutional right to a jury trial because the facts of this case are too complex for a jury. (Opp. at 10–13.) Courts in the Sixth Circuit, however, do not share Prysmian's lack of confidence in the jury system. *See Blount v. Whole Foods Mkt. Downtown Nashville*, No. 3:23-CV-00343, 2024 WL 4701883, at *3 (M.D. Tenn. Nov. 6, 2024) (finding that non-party's "apparent lack of faith" in jury system was not strong and compelling reason to deny jury trial).

In *Davis-Watkins Co. v. Service Merchandise Co.*, 500 F. Supp. 1244, 1251 (M.D. Tenn. 1980), the court decided that the anti-trust case before it was not too complex for a jury, even though the estimated length of trial was six weeks, the "amount of evidence to be introduced [was] massive," and the jury instructions "[would] be lengthy." *Id.* at 1252. The court was "reluctant to find sufficient complexity to remove the case from the jury" because "[t]he civil jury trial was provided for in the Bill of Rights to the United States Constitution and has been a hallmark of the English and American system of justice for centuries." *Id.*

Prysmian argues that this case is too complex because the parties have retained multiple experts who will testify. (Opp. at 13.) In *Davis-Watkins*, however, the court stated that the use of experts helps to clarify the issues for the jury, not the opposite. *Id.* As the court in *Kian v. Mirro Aluminum Co.*, 88 F.R.D. 351, 355 (E.D. Mich. 1980) stated, "those who claim that juries cannot understand complex civil cases improperly demean the intelligence of the citizens of this nation, and do not understand the jury system."

This case is *exactly* the type of case that juries decide. Shoals' gross negligence and misrepresentation claims present factual issues and credibility determinations, which courts routinely find are well-suited for juries. *See, e.g.*, *Horn v. Marriott Int'l, Inc.*, 2009 WL 10687934,

4

at *9 (N.D. Ohio Jan. 13, 2009) (case that involved "factual issues and credibility determinations" was "best tried by a jury"); *Columbia Gas, Transmission Corp. v. First Congregational Church*, 2008 WL 11378847, at *2 (N.D. Ohio Jan. 10, 2008) (same). And Shoals' contract and tort claims are "quintessential legal issues and remedies for which [Shoals] is entitled to demand a jury." *Nview Health, Inc. v. Sheehan*, 2022 WL 17782478, at *3 (M.D. Fla. Dec. 19, 2022); *see also Owners Ins. Co. v. Keeble,* 2021 WL 4765487, at *1 (M.D. Ala. Oct. 12, 2021); *Solugen Inc. v. M3 Chem. Grp. LLC*, 529 F. Supp. 3d 685, 691 (S.D. Tex. 2021).

### III. Prysmian has not met its high burden of showing that a jury trial would disrupt the Court's schedule and its schedule.

Prysmian asserts that granting Shoals' request for a jury trial would require the Court to reset the trial of this case and inconvenience the executives who will be called to testify. (Opp. at 14–15). Plaintiff has not asked that the trial date be moved, and the argument that a jury trial is more time consuming "is not sufficient to defeat a Rule 39(b) motion." *McKnuckles*, 2018 WL 6696992, at *3. "If it were, no Rule 39(b) motion would succeed." *Id*. Moreover, bench trials often require the parties to file post-trial briefs and the court to prepare Findings of Fact and Conclusions of Law, which can extend the final resolution. A jury verdict, on the other hand, yields a contemporaneous merits resolution that potentially expedites a final judgment.

### CONCLUSION

The Court must "scrutinize[] with the utmost care" any curtailment of Shoals' Seventh Amendment right to a trial by jury. Prysmian has not met its high burden, and Shoals is entitled to a jury under Rule 39(b).

5

Dated: November 21, 2025.

Respectfully Submitted,

*/s/ Jessalyn H. Zeigler*
Jessalyn H. Zeigler (TN Bar No. 016139)
Courtney A. Hunter (TN Bar No. 038014)
Briana T. Sprick Schuster (TN Bar No. 038305)
Kathryn H. Walker (TN Bar. No. 020794)
**BASS, BERRY, & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-6289
jzeigler@bassberry.com
courtney.hunter@bassberry.com
briana.sprick.schuster@bassberry.com
kwalker@bassberry.com

Jim Manley (admitted *pro hac vice*)
Jill Kuhn (admitted *pro hac vice*)
**TROUTMAN PEPPER LOCKE LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
(404) 885-3000
Jim.Manley@Troutman.com
Jill.Kuhn@Troutman.com

*Attorneys for Plaintiff Shoals Technologies Group,
LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing upon the following:

Lucas T. Elliot
Elle G. Kern
**FROST BROWN TODD LLP**
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Telephone: (615) 251-5550
lelliot@fbtlaw.com
ekern@fbtlaw.com

**MORGAN, LEWIS & BOCKIUS LLP**
David J. Levy (admitted *pro hac vice*)
Cullen G. Pick (admitted *pro hac vice*)
Susan Stradley (admitted *pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002
713.890.5000 (telephone)
david.levy@morganlewis.com
cullen.pick@morganlewis.com
susan.stradley@morganlewis.com

Deanne L. Miller (admitted *pro hac vice*)
300 South Grand Ave. 22nd Floor
Los Angeles, CA 90071
213.612.2500 (Telephone)
deanne.miller@morganlewis.com

*/s/ Jessalyn H. Zeigler*

7