UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

| | |
|---|---|
| SHOALS TECHNOLOGIES GROUP, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>PRYSMIAN CABLE AND SYSTEMS USA, LLC,<br><br>    Defendant. | Civil Action No. 3:23-cv-01153<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Barbara D. Holmes |

PLAINTIFFS' MOTION AND MEMORANDUM OF LAW FOR REASSIGNMENT OF A RELATED CASE PURSUANT TO ADMINISTRATIVE ORDER NO. 176

## I. INTRODUCTION

Lead Plaintiff Erste Asset Management GmbH and plaintiff Kissimmee Utility Authority Employees' Retirement Plan (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully move the Court for reassignment of the *Securities* Action (defined below) to the Hon. Judge William L. Campbell, Jr. pursuant to Administrative Order No. 176 of this District ("A.O. 176"). Judge Campbell is currently presiding over the first-filed related action, *Shoals Techs. Grp. v. Prysmian Cables & Sys. USA*, No. 3:23-cv-01153 (M.D. Tenn.) (the "*Prysmian* Action").

At the case management conference on October 31, 2025, Judge Newbern asked whether the instant case, *In re Shoals Techs. Grp., Inc. Sec. Litig.*, No. 3:24-cv-00334 (M.D. Tenn.) (the "*Securities* Action"), and the *Prysmian* Action should be related. Plaintiffs stated that they had not yet considered the issue. Having now done so, Plaintiffs respectfully request that the *Securities*

Action be reassigned to Judge Campbell because, as detailed below, based on A.O. 176's related case factors, the cases arise out of the same series of occurrences, involve common questions of fact, share at least one party, and the relief sought could otherwise subject a party to conflicting orders or judgments. Assigning the case to Judge Campbell at this time will avoid substantial duplication of effort and expense by the Court and parties, conserve judicial time and resources, and serve the interests of justice.

Pursuant to Local Rule 7.01, Plaintiffs' counsel consulted Prysmian's (defined below) counsel and Defendants' (defined below) counsel regarding this motion. Prysmian's counsel informed Plaintiffs' counsel they did not oppose it. Shoals' counsel represented the following as Defendants' position:

> Defendants note that Judge Campbell previously was assigned and recused himself from this matter. *See Securities* Action, ECF 58. Defendants further state that the parties are conferring regarding Plaintiffs' requests to Shoals relating to the *Prysmian* litigation, and to the extent any modification to the protective order in that matter is required, Defendants will work cooperatively with all relevant parties to efficiently address any needed modifications. Defendants reserve all rights, including the right to oppose any motion for reassignment that is filed, and are available to appear again before Judge Newbern to continue discussing this issue, which was previously raised at the parties' October 31, 2025 case management conference.

## II. PROCEDURAL BACKGROUND

On October 31, 2023, Shoals Technologies Group, Inc. ("Shoals") initiated a lawsuit against its longtime supplier, Prysmian Cables and Systems USA ("Prysmian"). *See Prysmian* Action, ECF 1. Shoals sued to recover damages caused by alleged defective wiring Prysmian sold to Shoals. *Id.* Shoals specifically alleged that the wire's insulation contracted – a phenomenon commonly known as "wire insulation shrinkback" or "insulation shrinkback" – leaving the wire's conductor exposed, which can lead to decreased performance and safety hazards. *Id.* The *Prysmian* Action is pending before Judge Campbell.

On May 9, 2024, Judge Campbell denied both defendant Prysmian's motion to dismiss and plaintiff Shoals' motion to dismiss defendant's counterclaim. *See Prysmian* Action, ECF 49. The *Prysmian* Action is now in discovery with a bench trial set for August 11, 2026. *See id.*, ECF 68. According to filings in that case, discovery has been extensive – the parties reviewed voluminous documents for relevance and privilege, produced responsive materials, and conducted depositions of nearly 30 witnesses. *See id.*, ECF 75.

Meanwhile, on March 21, 2024, a securities class action was initiated against Shoals. *See Securities* Action, ECF 1. Plaintiffs' Amended Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint") asserts claims under the Securities Exchange Act of 1934 and the Securities Act of 1933. *See id.*, ECF 82. Plaintiffs allege that Shoals, the Individual Defendants,[1] and the Underwriter Defendants[2] made materially false and/or misleading statements and omissions, and engaged in a scheme to mislead investors about: (i) the quality, performance, reliability, and safety of Shoals' electrical balance of system products; and (ii) the substantial underreporting of Shoals' warranty reserves and remediation costs with respect to the shrinkback defects.[3] *Id.* The *Securities* Action is pending before Judge Crenshaw.

Under the Private Securities Litigation Reform Act of 1995, discovery in the *Securities* Action was stayed during the pendency of Defendants' motion to dismiss. *See Securities* Action,

---

[1] "Individual Defendants" refers to Jason R. Whitaker, Brad Forth, Peter Wilver, Ty Daul, Toni Volpe, Lori Sundberg, Jeannette Mills, Dominic Bardos, Jeffery Tolnar, Robert Julian, and Dean Solon.

[2] "Underwriter Defendants" refers to J.P. Morgan Securities LLC, Guggenheim Securities, LLC, Morgan Stanley & Co. LLC, UBS Securities LLC, Goldman Sachs & Co. LLC, Barclays Capital Inc., Credit Suisse Securities (USA) LLC, Cowen and Company, LLC, Oppenheimer & Co. Inc., Piper Sandler & Co., Roth Capital Partners, LLC, Johnson Rice & Company L.L.C., and Northland Securities, Inc.

[3] Shoals, the Individual Defendants, and the Underwriter Defendants are collectively referred to as "Defendants."

ECF 67. In a memorandum opinion filed on September 30, 2025, Judge Crenshaw upheld the majority of Plaintiffs' claims. *See id.*, ECF 100. The *Securities* Action is now proceeding into discovery.

Magistrate Judge Newbern held case management conferences on October 31, 2025, and November 5, 2025. *See Securities* Action, ECF 108, 111. The parties have proposed that a jury trial be set for August 31, 2027. ECF at 8. During the October 31, 2025, case management conference, Judge Newbern inquired as to whether the *Prysmian* Action and *Securities* Action should be related. After having had the opportunity to consider this issue, Plaintiffs respectfully move for reassignment of a related action to Judge Campbell, the District Judge presiding over the first-filed case.

### III. LEGAL STANDARD

In this District, A.O. 176 allows for reassignment of related cases "when such reassignment is in the interest of justice." A.O. 176, §(I)(b). Cases may be considered "[r]elated [c]ases" based on the following non-exclusive factors:

1. The cases arise out of the same transaction, occurrence, or series of transactions or occurrences (*see, e.g.*, Fed. R. Civ. P. 20);

2. The cases involve common questions of law or fact (*see, e.g.*, Fed. R. Civ. P. 42(a));

3. The cases involve one or more of the same parties or the same property;

4. The relief sought in the cases could result in a party being subject to conflicting orders or judgments;

5. Substantial duplication of effort and expense by the Court and the parties could occur if different District Judges presided over the cases;

6. Substantial savings of judicial time and resources could result if the cases were handled by the same District Judge; or

7. It is in the interest of justice, based on the totality of the circumstances, for the same District Judge to preside over each of the cases.

*Id.*, §(I)(c); *see also Precioso v. Nat'l Health Corp.*, __ F.R.D. __, 2025 WL 3142477, at *2 (M.D. Tenn. Oct. 24, 2025) (applying A.O. 176, §(I)(c)'s factors and reassigning related cases).

Upon the filing of a motion for reassignment of a related case, or *sua sponte* by the Court, a case may be reassigned as a related case. A.O. 176, §(II)(d). Any request for reassignment of a new case as a related case shall be made by filing a motion supported by a memorandum in accordance with LR 7.01. *Id.*, §(II)(a). If "the District Judges presiding over each of the cases determine and agree that the cases are [r]elated [c]ases. Related [c]ases shall be transferred to the District Judge presiding over the first case filed." *Id.*, §(II)(d).

## IV. ARGUMENT

### A. Both Actions Involve the Same Party, Arise out of the Same Series of Occurrences, and Involve Common Questions of Fact

The A.O. 176 factors support reassignment, as the actions involve a common party, arise out from the same occurrences, and share common issues of fact.

First, Shoals is a party to both the *Prysmian* Action and *Securities* Action, which weighs in favor of finding the two actions are related. *See* A.O. 176, §(I)(c)(3) ("The cases involve one or more of the same parties."); *Precioso*, 2025 WL 3142477, at *4 (confirming where two actions share one or more of the same parties, even if not identical, the party overlap weighs in favor of reassignment).

Second, both actions arise from the same series of occurrences – namely, the shrinkback defects in Shoals' flagship product, the Big Lead Assembly ("BLA"), which occurred at multiple customer sites. A.O., §176 (I)(c)(2); *see also Securities* Action, ECF 82; *Prysmian* Action, ECF 1. These defects allegedly caused the insulation surrounding the BLA's wiring to contract and pull away at critical connection points, exposing live electrical wires to the elements at multiple sites. *See Securities* Action, ECF 82; *Prysmian* Action, ECF 1. In the *Prysmian* Action, Shoals

aims to recover damages caused by the defective wire that Prysmian sold to Shoals. *See Prysmian* Action, ECF 1. Relatedly, Plaintiffs in the *Securities* Action seek to recover damages caused by Shoals' failure to disclose said defects and its substantial underreporting of warranty reserves and remediation costs relating to those defects. *See Securities* Action, ECF 82.

Finally, the *Prysmian* Action and *Securities* Action involve common questions of fact. *See* A.O., §176 (I)(c)(1). A central issue in the *Securities* Action is how widespread the BLA shrinkback defect was during the Class Period. *See Securities* Action, ECF 82, 85, 91, 93. This same issue is at the core of the *Prysmian* Action, where Shoals seeks to recover the costs it incurred remedying the same shrinkback defect. *See Prysmian* Action, ECF 1. Indeed, in the *Securities* Action, Defendants confirmed the overlap between the related actions in their motion to dismiss. *See Securities* Action, ECF 100. There, Defendants argued that Shoals continued to investigate and learn about additional customers impacted by the defect, purportedly determined that the root cause was shrinkback from defective wire covered by its warranty, and subsequently pursued recovery from Prysmian. *Id.* Furthermore, Prysmian's Answer in the *Prysmian* Action formed part of the basis for the Complaint in the *Securities* Action and the corroborated allegations therein. *See Prysmian* Action, ECF 21; *Securities* Action, ECF 82. The substantial overlap between the two actions includes common questions regarding the number of sites affected by the defects, the costly remediation efforts Shoals undertook to address the shrinkback defects, Shoals' knowledge of the undisclosed BLA defects, and how Shoals accounted for the defects in its warranty reserves and remediation costs.

The first three factors of A.O. 176 weigh in favor of reassignment: (i) Shoals is a party to both actions; (ii) both actions arise from the same series of occurrences; and (iii) both present common questions of fact. *See* A.O., §176 (I)(c).

### B. Reassignment will Avoid a Party Being Subject to Conflicting Orders, Avoid Substantial Duplication of Effort and Expense by the Court, and Result in Substantial Savings of Judicial Time and Resources

Reassignment furthers the purpose of A.O. 176 by eliminating the risk of conflicting orders, reducing duplicative judicial efforts, and conserving Court resources.

First, reassigning the *Securities* Action to Judge Campbell, the judge presiding over the *Prysmian* Action, would mitigate the risk of inconsistent rulings on overlapping issues of fact that could arise if the cases were to proceed before different judges. *See* A.O. 176, §(I)(c)(4). The risk of inconsistent rulings remains significant because, in managing discovery and resolving pretrial motions, the Court will be required to review and interpret the same documents, statements, and technical evidence, address overlapping legal and evidentiary issues, and evaluate recurring witness testimony for purposes of admissibility and pretrial determinations. Reassignment of the *Securities* Action would therefore promote efficient case management and ensures a coherent, consistent interpretation of the shared factual issues, aligning squarely with the objectives of A.O. 176. *See* A.O. 176, §(I)(c) ("The relief sought in the cases could result in a party being subject to conflicting orders or judgments.").

Second, reassigning the *Securities* Action to Judge Campbell would avoid substantial duplication of effort and expense by the Court and the parties. *See* A.O. 176, §(I)(c)(5). The Court has recognized that substantial duplication can be avoided by reassigning a related case "by eliminating the need for the parties to produce the same documents in two cases before two different judges." *Precioso*, 2025 WL 3142477, at *4. With reassignment, Shoals, and potentially Prysmian, will avoid duplicative document productions before two different judges. Additionally, by having Judge Campbell oversee both actions, the Court would ensure a uniform understanding of the facts and a coordinated approach to discovery, pretrial motions, and case management. This

- 7 -
Case 3:23-cv-01153   Document 94   Filed 12/12/25   Page 7 of 11 PageID #: 1289

is especially important given that discovery in each case will remain ongoing for more than six months before any trial date.

Finally, reassigning the *Securities* Action to Judge Campbell would result in substantial savings of judicial time and resources. *See* A.O., §176 (I)(c)(6). Because the *Prysmian* Action and *Securities* Action have common questions of fact, assigning them both to Judge Campbell would help to conserve judicial resources "by eliminating the need for two judges to learn a similar set of facts." *Precioso*, 2025 WL 3142477, at *4. The *Securities* Action is proceeding into discovery, and Judge Campbell is already thoroughly familiar with Shoals' policies, practices, and internal operations. In this District, even if actions are at different procedural stages, the first-filed action can still assist the presiding District Judge where previous motion practice addressed an overlapping factual background. *See id.* (holding that although the earlier case was stayed and had already undergone dispositive motion practice, that motion practice would aid the District Judge in resolving the pending motions in the later action because both matters involved overlapping facts and individuals). Hence, Judge Campbell's accumulated knowledge of the *Prysmian* Action over the past two years is a substantial judicial resource, and applying that expertise to the related *Securities* Action would conserve the Court's resources and avoid requiring Judge Crenshaw to learn an extensive factual record.

Granting reassignment also serves the purpose of A.O. 176, as it avoids the risk that "relief sought in the cases could result in a party being subject to conflicting orders or judgments," prevents "[s]ubstantial duplication of effort and expense by the Court," and ensures "[s]ubstantial savings of judicial time and resources." A.O. 176, §(I)(c).

### C. Based on Totality of the Circumstances, It is in the Interest of Justice for the Same District Judge to Preside Over Both Cases

A.O. 176, §(I)(c)(7) provides that reassignment is appropriate when "[i]t is in the interest of justice, based on the totality of the circumstances, for the same District Judge to preside over each of the cases." A.O. 176, §(I)(c)(7). As discussed above, A.O. 176, §(I)(c) factors one through six favor reassignment. Accordingly, the interest of justice – based on the totality of the circumstances – strongly reinforces that conclusion.

### V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court:

1. Find that *Prysmian* Action and the *Securities* Action are "related" within the meaning of A.O. 176; and

2. Reassign the *Securities* Action (Case No. 3:24-cv-00334) to Judge Campbell, the presiding judge in the first-filed *Prysmian* Action (Case No. 3:23-cv-01153).

DATED: December 12, 2025         ROBBINS GELLER RUDMAN
                                   & DOWD LLP
                                 CHRISTOPHER M. WOOD, #032977


                                         */s/ Christopher M. Wood*
                                         CHRISTOPHER M. WOOD

                                 200 31st Avenue North
                                 Nashville, TN 37203
                                 Telephone: 615/244-2203
                                 cwood@rgrdlaw.com

ROBBINS GELLER RUDMAN
  &amp; DOWD LLP
DEBRA J. WYMAN*
MATTHEW I. ALPERT*
JOSEPH J. TULL*
ASHLEY G. PYLE*
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
debraw@rgrdlaw.com
malpert@rgrdlaw.com
jtull@rgrdlaw.com
apyle@rgrdlaw.com

MOTLEY RICE LLC
GREGG S. LEVIN*
WILLIAM S. NORTON*
JOSHUA C. LITTLEJOHN*
CHRISTOPHER F. MORIARTY*
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: 843/216-9000
glevin@motleyrice.com
bnorton@motleyrice.com
jlittlejohn@motleyrice.com
cmoriarty@motleyrice.com

Lead Counsel and Counsel for Plaintiffs in *In re Shoals Techs. Grp., Inc. Sec. Litig.*, 3:24-cv-00334 (M.D. Tenn.)

BARRETT JOHNSTON MARTIN
  &amp; GARRISON, PLLC
JERRY E. MARTIN, #20193
200 31st Avenue North
Nashville, TN 37203
Telephone: 615/244-2202
jmartin@barrettjohnston.com

Local Counsel for Plaintiffs in *In re Shoals Techs. Grp., Inc. Sec. Litig.*, 3:24-cv-00334 (M.D. Tenn.)

*Admitted *pro hac vice* in *In re Shoals Techs. Grp., Inc. Sec. Litig.*, 3:24-cv-00334 (M.D. Tenn.)

- 10 -
Case 3:23-cv-01153   Document 94   Filed 12/12/25   Page 10 of 11 PageID #: 1292

KLAUSNER, KAUFMAN, JENSEN
  & LEVINSON, P.A.
ROBERT D. KLAUSNER
SEAN M SENDRA
7080 Northwest 4th Street
Plantation, FL 33317
Telephone: 954/916-1202
bob@robertdklausner.com
sean@robertdklausner.com

Additional Counsel for Plaintiff Kissimmee
Utility Authority Employees' Retirement Plan