IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **SHOALS TECHNOLOGIES GROUP, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PRYSMIAN CABLES AND SYSTEMS USA, LLC,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 3:23-cv-01153**<br><br>**JUDGE CRENSHAW**<br>**MAGISTRATE JUDGE HOLMES** |

---

**DECLARATION OF JESSALYN H. ZEIGLER IN SUPPORT OF PLAINTIFF SHOALS TECHNOLOGIES GROUP, LLC'S MOTION FOR LEAVE TO FILE UNDER SEAL AND SUPPORTING MEMORANDUM**

---

Pursuant to 28 U.S. Code § 1746, I, Jessalyn H. Zeigler, declare as follows:

1. I am over eighteen (18) years of age, competent to testify and have personal knowledge of the facts stated in my Declaration.

2. I am an attorney at the law firm Bass, Berry & Sims PLC and I represent Plaintiff Shoals Technologies Group, LLC ("Shoals").

3. I am submitting this Declaration in support of Shoals' Motion for Leave to File Under Seal, filed contemporaneously herewith.

4. I have reviewed the Motion, as well as each document that Shoals seeks to redact or file under seal.

5. The redactions and sealing requests Shoals has made reflect Shoals' effort to narrowly tailor its request to keep information confidential as much as possible while still

protecting confidential information from being publicly accessible to competitors and protecting its customers' privacy interests.

6. **Exhibits 6 and 7** identify by name Shoals' customers or the specific solar sites where customers experienced issues with Prysmian's wire products. This information constitutes confidential commercial information that Shoals has taken substantial measures to protect in the course of this litigation.

7. If publicly disclosed, the identities of Shoals' customers or their solar sites would enable Shoals' competitors to identify and target Shoals' customer base. Such disclosure would provide competitors with a roadmap of Shoals' market penetration in the solar energy industry and could disrupt established business relationships that Shoals has cultivated over many years.

8. The expert deposition of Todd J. Menna, one of Prysmian's disclosed experts, was taken on April 8, 2026. Pursuant to Paragraph 4(a)(iv) of the Protective Order (Dkt. 45), Prysmian has 30 days after delivery of the final transcript to designate portions as Confidential or Highly Confidential. Prysmian has not yet made any confidentiality designations and the deadline for doing so has not yet passed. Accordingly, Shoals submits excerpts from the expert deposition transcript of Todd J. Menna under seal.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Nashville, Tennessee on April 22, 2026.

*<u>/s/ Jessalyn H. Zeigler</u>*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2026, a copy of the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing upon the following:

Lucas T. Elliot
Elle G. Kern
Frost Brown Todd LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201

David J. Levy
Cullen G. Pick
Susan Stradley
Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, TX 77002

Deanne L. Miller
Morgan, Lewis & Bockius LLP
300 South Grand Ave. 22nd Floor
Los Angeles, CA 90071

Cecilia M. Bole
Morgan, Lewis & Bockius LLP
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606

*/s/ Jessalyn H. Zeigler*