# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| SHOALS TECHNOLOGIES GROUP, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 3:23-cv-01153 |
| v. | ) ) | JUDGE CRENSHAW |
| PRYSMIAN CABLES AND SYSTEMS USA, LLC | ) ) ) | MAGISTRATE JUDGE HOLMES |
| Defendant. | ) | |

## PRYSMIAN'S RESPONSE IN SUPPORT OF SHOALS' MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL

Defendant/Counter-Plaintiff Prysmian Cables and Systems USA, LLC ("Prysmian") files this Response in Support of Plaintiff/Counter-Defendant Shoals Technologies Group, LLC's ("Shoals") Motion for Leave to File Documents under Seal. (Dkt. No. 167, "Motion"). For the reasons stated below, this Court should allow Shoals to file the exhibits identified below partially under seal. Specifically, Prysmian asks the Court to partially seal Shoals' Exhibits 4 and 5. For each exhibit identified below which should be filed partially under seal, a redacted copy of the exhibit is attached to this Response.

## I.    INTRODUCTION

Prysmian is a global leader in the design, manufacture, and sale of electrical cables used in the energy and telecom industries. Prysmian's significant cable portfolio includes 10 and 12 American wire gauge ("AWG") red insulated copper photovoltaic cable wire. *See* First Amended Complaint, Dkt. No. 57, ¶ 16.

The development and manufacture of these products rely on proprietary material formulations, processing methods, and testing protocols that Prysmian has refined through decades of research and investment. Prysmian's research and development teams conduct extensive internal testing to ensure compliance with industry and regulatory standards and to achieve optimal electrical and mechanical performance. The resulting data, methodologies, and analyses constitute core components of Prysmian's intellectual property and provide a significant competitive advantage in the marketplace.

Because Prysmian competes globally with other cable manufacturers who could derive substantial benefit from its internal specifications and test results, the company maintains these materials as strictly confidential. The documents at issue in this motion contain precisely this type of proprietary technical and business information, warranting protection from public disclosure.

1

## II.     LEGAL STANDARD

"[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know." *See In re Knoxville News-Sentinel Co. v. Knoxville Journal Corp.*, 723 F.2d 470, 474 (6th Cir. 1983). A party seeking to seal a document from public view must provide "compelling reasons" to seal the document and demonstrate that sealing is narrowly tailored to serve those reasons by analyzing "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016) (citing *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). The documents should be sealed if the party designating the material as confidential can show that disclosure will cause a clearly defined and serious injury. *Id.* at 307. Records may also be sealed to the extent they contain confidential business information that constitute trade secrets or "other categories of bona fide long-term confidentiality." *Baxter*, 297 F.3d at 545.

## III.     ARGUMENT

The documents and portions of the documents that Prysmian seeks to seal contain highly confidential trade secrets. As explained further below, compelling reasons exist to seal this information, and these interests outweigh the limited public interest in having the relevant information made public.

1.      **Exhibit 4** is excerpts of deposition testimony from Prysmian 30(b)(6) designee Jeremy Gustitus. The testimony in Exhibit 4 includes information about PV cable insulation development and design changes. *See* Declaration of Jeremy Gustitus (hereinafter "Gustitus Decl."). This information is highly sensitive and represents significant research and engineering efforts. *See id.* Prysmian considers this product development information to be trade secrets. *See*

2

*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (finding that protecting trade secrets is a "recognized exception to the right of public access to judicial records.").

2.     **Exhibit 5** is excerpts of deposition testimony from Prysmian expert witness Jeremy Gustitus. *See* Gustitus Decl. The testimony in Exhibit 5 includes sensitive information about Prysmian's PV cable insulation formulation and manufacturing procedures. *See id.* The testimony identifies not only the categories of ingredients used in the insulation compound, but also the specific brand and proportions of materials used. *See id.* This information is highly sensitive and represents significant research and engineering efforts. *See id.* This level of detail effectively discloses pieces of Prysmian's proprietary insulation formula—information that is among the company's most closely guarded trade secrets. *See Yoe v. Crescent Sock Co*., No. 1:15-CV-3-SKL, 2017 WL 11479916, *3 (E.D. Tenn. Mar. 24, 2017).

## IV.    CONCLUSION

For these reasons, Prysmian requests that the Court grant Shoals' Motion for Leave to File Documents under Seal as to the above-listed exhibits.

Dated: May 6, 2026.

3

Respectfully submitted,


*/s/ Elle G. Kern*
Lucas T. Elliot (TN BPR 037084)
Elle G. Kern (TN BPR 034301)
**FBT GIBBONS LLP**
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Telephone: (615) 251-5550
lelliot@fbtgibbons.com
ekern@fbtgibbons.com

**MORGAN, LEWIS & BOCKIUS LLP**
David J. Levy (admitted *pro hac vice*)
Cullen G. Pick (admitted *pro hac vice*)
Susan Stradley (admitted *pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002
713.890.5000 (telephone)
david.levy@morganlewis.com
cullen.pick@morganlewis.com
susan.stradley@morganlewis.com

Deanne L. Miller (admitted *pro hac vice*)
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
213.612.2500 (telephone)
deanne.miller@morganlewis.com

4

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 6, 2026, a copy of the foregoing was filed electronically with

the Clerk of the Court to be served by operation of the Court's electronic filing upon the following:

Jessalyn H. Zeigler (TN BPR 016139)
Courtney A. Hunter (TN BPR 038014)
Briana T. Sprick Schuster (TN BPR 038305)
Kathryn Hannen Walker (TN Bar No. 020794)
**BASS, BERRY, & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
jzeigler@bassberry.com
courtney.hunter@bassberry.com
briana.sprick.schuster@bassberry.com
kwalker@bassberry.com

Charles I. Malone (TN BPR 022904)
Joseph R. Welborn (TN BPR 015076)
Savannah G. Darnall (TN BPR 038499)
**WELBORNMALONE PLC**
One Burton Hills Blvd, Suite 200E
Nashville, TN 37215
charlie.malone@welbornmalone.com
joe.welborn@welbornmalone.com
savannah.darnall@welbornmalone.com

Jim Manley (admitted *pro hac vice*)
Jill Kuhn (admitted *pro hac vice*)
**Troutman Pepper Locke LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Jim.Manley@Troutman.com
Jill.Kuhn@Troutman.com

*Counsel for Plaintiff*

*/s/ Elle G. Kern*

2799560.0779049   4904-1751-6189

5