**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHOALS TECHNOLOGIES GROUP, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PRYSMIAN CABLES AND SYSTEMS USA, LLC**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 3:23-cv-01153**<br><br>**VISITING JUDGE WIER**<br>**MAGISTRATE JUDGE FRENSLEY** |

**PRYSMIAN'S ORIENTING MEMORANDUM**
**IN RESPONSE TO THIS COURT'S ORDER AT DE 198**

Prysmian respectfully submits this orienting memorandum in accordance with this Court's Order, dated August 4, 2026. DE 198. This memorandum does not address the parties' overviews of the merits of this case, which are set forth in their motions for partial summary judgment and supporting memoranda.

**A. Pending motions roster.**

The motions below are fully briefed and ripe for this Court's consideration, other than Prysmian's Motion for Spoliation Sanctions (DE 188), which will be ripe after Prysmian files its reply in support of that motion on August 21, 2026.

Prysmian respectfully requests a hearing on these pending motions, which are listed chronologically by opening motion filing date, and include filing details for oppositions and replies, and other pertinent details.

1. ***Shoals' Motion for Jury Trial, filed October 31, 2025***. DE 85 (Motion) and DE 86 (Memorandum).

    a. Prysmian's Opposition to Shoals' Motion for Jury Trial, filed November 14, 2025. DE 90.

    b. Shoals' Reply in Support of its Motion for Jury Trial, filed November 21, 2025. DE 92.

    c. Judge Crenshaw's Order directing Shoals to "file a supplemental response, limited to five pages, that specifically and directly responds to Section B, pages 5-7 of Prysmian Cables and Systems USA, LLC's opposition to the motion for jury trial (Doc. No. 90 at 5-7)," dated March 11, 2026. DE 125.

    d. Shoals' Supplemental Response in Support of Motion for Jury Trial, filed March 18, 2026. DE 135.

    e. Prysmian's Reply to Shoals' Supplemental Response in Support of Motion for Jury Trial, filed March 20, 2026. DE 136.

2. ***Prysmian's Motion for Partial Summary Judgment, filed February 27, 2026***. DE 100.

Prysmian and Shoals each filed a memorandum supporting their respective Motions for Partial Summary Judgment on February 27, 2026; however, the Court struck both memoranda on

March 11, 2026, because of page limits; and ordered the parties to file supporting memoranda in compliance with the page limits in M.D. Tenn. Loc. Civ. R. 56.01. See DE 125, Order (striking ECF Nos. 101, 107, and 122). As detailed below, both parties filed a supporting memorandum within page limits on March 18, 2026, which are the "live" memoranda that should be considered in support of the parties' respective Motions for Partial Summary Judgment.

a. Prysmian's Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment, filed February 27, 2026. DE 102.

b. Prysmian's Memorandum in Support of its Motion for Partial Summary Judgment, filed March 18, 2026. DE 132.

c. Shoals' Response in Opposition to Prysmian's Motion for Partial Summary Judgment, filed April 8, 2026. DE 156.

d. Shoals' Response to Prysmian's Statement of Undisputed Material Facts, filed April 8, 2026. DE 159.

e. Prysmian's Reply in Support of Motion for Partial Summary Judgment, filed April 22, 2026. DE 165.

**3.** ***Shoals' Motion for Partial Summary Judgment, filed February 27, 2026***. DE 106.

a. Shoals' Notice of Filing of Corrected Statement of Undisputed Material Facts and Corrected Statement of Undisputed Material Facts, filed March 2, 2026. DE 117 (Notice) and DE 118 (Corrected Statement). (Correcting Shoals' Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment, filed February 27, 2026. DE 108.)

b. Shoals' Notice of Corrections to its Statement of Undisputed Material Facts in Support of its Motion for Partial Summary Judgment, filed March 18, 2026. DE 130.

c. Shoals' Revised Memorandum in Support of its Motion for Partial Summary Judgment, filed March 18, 2026. DE 131.

d. Prysmian's Opposition to Shoals' Motion for Partial Summary Judgment, filed April 8, 2026. DE 151.

e. Prysmian's Response to Shoals' Statement of Undisputed Material Facts, filed April 8, 2026. DE 152.

f. Shoals' Reply in Support of its Motion for Partial Summary Judgment, filed April 22, 2026. DE 171.

4. ***<u>Shoals' Rule 37 Motion to Strike</u>, filed April 8, 2026***. DE 144 (Motion) and DE 145 (Memorandum). This relates to Prysmian's Memorandum of Law in Support of its Motion for Partial Summary Judgment (DE 132).

    a. Prysmian's Response in Opposition to Shoals' Motion to Strike, filed April 22, 2026. DE 166.

    b. Shoals' Reply in Support of Motion to Strike, filed April 29, 2026. DE 174.

5. ***<u>Prysmian's Motion to Strike New Evidence and Argument in Shoals' Summary Judgment Reply Brief or, Alternatively, Request for Leave to File a Sur-Reply, filed May 1, 2026</u>***. DE 176. This relates to Shoals' Reply in Support of its Motion for Partial Summary Judgment (DE 171).

    a. Shoals' Response to Prysmian's Motion to Strike New Evidence and Argument in Shoals' Summary Judgment Reply Brief or, Alternatively, Request for Leave to File a Sur-Reply, filed May 15, 2026. DE 181.

    b. Prysmian's Reply in Support of Motion to Strike New Evidence and Argument in Shoals' Summary Judgment Reply Brief or, Alternatively, Request for Leave to File a Sur-Reply, filed May 22, 2026. DE 182.

6. ***<u>Prysmian's Motion for Spoliation Sanctions under Rule 37(e), filed July 10, 2026</u>***. DE 188 (Motion) and DE 190 (Memorandum).

    a. Shoals' Response to Prysmian's Motion for Spoliation Sanctions, filed August 7, 2026. DE 200.

    b. Prysmian will file its reply on August 21, 2026.

**B. Active parties and extant claims.**

Prysmian and Shoals are the only active parties in this case. The parties' respective claims set forth in their live pleadings are listed below, including a notation for every Shoals claim and Prysmian counterclaim that are the subject of Prysmian's Motion for Partial Summary Judgment.

<u>Shoals' Claims. (*See* DE 57, Shoals' First Amended Complaint, filed December 4, 2024.)</u>

1. Defective product under the Tennessee Products Liability Act (subject to Prysmian's Partial MSJ);

2. Breach of Contract for wire sold until November 2021;

3. Breach of Contract under Shoals' 2021 Terms & Conditions (subject to Prysmian's Partial MSJ);

4. Unjust Enrichment (subject to Prysmian's Partial MSJ);

5. Breach of Implied Covenant of Good Faith and Fair Dealing;

6. Breach of Express Warranty (subject to Prysmian's Partial MSJ);

7. Breach of Implied Warranty of Merchantability (subject to Prysmian's Partial MSJ);

8. Breach of Implied Warranty of Fitness for a Particular Purpose (subject to Prysmian's Partial MSJ);

9. Express Indemnity (subject to Prysmian's Partial MSJ);

10. Equitable Indemnity (subject to Prysmian's Partial MSJ);

11. Intentional Misrepresentation (subject to Prysmian's Partial MSJ);

12. Negligence (subject to Prysmian's Partial MSJ);

13. Gross Negligence (subject to Prysmian's Partial MSJ); and

14. Strict Liability (subject to Prysmian's Partial MSJ).

Prysmian's Counterclaims. (*See* DE 21, Prysmian's Original Counterclaim against Shoals, filed December 22, 2023.)

1. Declaratory Judgment under the Declaratory Judgment Act and the Kentucky Uniform Commercial Code (partially subject to Prysmian's Partial MSJ);
2. Breach of Contract (subject to Prysmian's Partial MSJ); and
3. Defamation.

Prysmian maintains that certain of Shoals' public statements regarding Prysmian's wire were false; however, Prysmian has not yet suffered any quantifiable damage from these statements. Indeed, other than Shoals, Prysmian has not lost any other PV wire customers. Therefore, Prysmian no longer intends to pursue its defamation counterclaim at trial and will dismiss the claim without prejudice.

**C. Remaining disputes apart from pending motions.**

While fact and expert discovery deadlines have passed, the parties have an open dispute regarding the scope of some of their respective experts' production of materials relied upon in preparing their reports. Prysmian met and conferred with Shoals on this issue on August 17, 2026, and confirmed that the parties remain at an impasse. Thus, Prysmian intends to file a discovery

dispute statement with this Court as required by Local Rule 37.01(b). Prysmian does not believe this dispute should delay a trial setting.

**D. Presentation of expert testimony at trial.**

The Middle District of Tennessee Local Rule 39.01(c)(5)(E) states:

> The court may require that the direct testimony of an expert witness, other than a treating physician, be reduced to writing and a copy thereof filed and served upon opposing counsel at least seven (7) days before trial or as otherwise provided by the Court. If so ordered, the following procedures shall apply. Such written statement must contain every material fact and opinion to which the witness would testify on direct examination if the witness were asked the appropriate questions. When the expert witness is called to testify at trial, the expert shall be sworn. After the expert witness is sworn and seated, the qualifications as an expert shall be recited by the attorney who has called the expert witness. Thereafter, the attorney may interrogate the witness as to the specific qualifications of expertise that have direct bearing on the subject matter of the case. If objection to the witness's qualifications is raised, the objecting party may conduct voir dire as to qualifications. Unless objection is raised to the qualifications of the witness as an expert, the witness shall then read the written statement aloud to the trier of facts. During the reading of the statement, the witness may refer to a mechanical device, drawing, chart, photograph, or other exhibit in order to explain the expert's testimony. After the witness has read the prepared statement, the attorney who called the witness may ask additional questions to further explain his opinion. However, the witness may not proffer any opinion not encompassed in the written statement. At the conclusion of the witness's direct examination in the manner describe above, cross-examination and redirect will proceed as usual.

Prysmian and Shoals conferred regarding this Local Rule on August 17, 2026, and jointly request that this Court not invoke the written statement process described therein; instead, the parties respectfully request that this Court permit them to present their expert witnesses through the traditional direct examination and cross examination manner.

**E. Prysmian's trial readiness.**

Aside from pretrial filings and resolving the pending motions and open dispute on certain experts' document productions, Prysmian is ready for trial. This should be a ***two-week (10 day)***

***bench trial*** as stipulated and agreed to by the parties at the outset of this case and as reiterated through numerous subsequent filings.[1]

In June 2026, Magistrate Judge Holmes canceled all pretrial deadlines and the August 11, 2026, trial setting. DE 184 (Order cancelling trial) and DE 186 (Order cancelling all pretrial deadlines). Prysmian's counsel have multiple trials scheduled for the fall of 2026 and spring of 2027, including two trials that are preferentially set; therefore, Prysmian respectfully requests that this Court hold a scheduling conference to address pretrial deadlines and the trial setting in this case. To the extent it is helpful to this Court, counsel for the parties conferred on August 17, 2026, regarding their upcoming trial conflicts, and all trial counsel are generally available without any trial conflicts in January. Prysmian's trial counsel is also available in February 2027 subject to this Court's and Shoals' availability.

Dated: August 18, 2026

Respectfully submitted,

*/s/ Lucas T. Elliot*
Lucas T. Elliot (BPR 037084)
Elle G. Kern (BPR 0343301)
**FBT GIBBONS LLP**
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Telephone: (615) 251-5550
lelliot@fbtgibbons.com
ekern@fbtgibbons.com

**MORGAN, LEWIS & BOCKIUS LLP**
David J. Levy (admitted *pro hac vice*)
Cullen G. Pick (admitted *pro hac vice*)

[1] *See, e.g.*, DE 25, Proposed Initial Case Management Order, § O; DE 46, March 20, 2024, Order setting the case for bench trial; DE 50 at § O, Joint Motion to Modify the Initial Case Management Order which attached a proposed modified CMO stating "[t]he **Bench** trial of this action is expected to last **approximately 10 trial days**." (emphasis original); DE 51, September 16, 2024, Order granting Motion to Modify the Initial CMO and continuing "the bench trial in this matter"; DE 68, March 17, 2025, Order continuing "the bench trial" of this matter.

Susan Stradley (admitted *pro hac vice*)
1000 Louisiana Street, Suite 4000
Houston, TX 77002
713.890.5000 (telephone)
david.levy@morganlewis.com
cullen.pick@morganlewis.com
susan.stradley@morganlewis.com

Cecilia M. Bole (admitted *pro hac vice*)
One Federal Street
Boston, MA 02110-1726
617.341.7700 (telephone)
cecilia.bole@morganlewis.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court via ECF and served on all counsel of record by a manner authorized by LR 5.01:

Jessalyn H. Zeigler (TN Bar No. 016139)
Courtney A. Hunter (TN Bar No. 038014)
Briana T. Sprick Schuster (TN Bar No. 038305)
**BASS, BERRY, & SIMS PLC**
21 Platform Way South, Suite 3500
Nashville, TN 37203
(615) 742-6289
jzeigler@bassberry.com
courtney.hunter@bassberry.com
briana.sprick.schuster@bassberry.com

Charles I. Malone (TN BPR 022904)
Joseph R. Welborn (TN BPR 015076)
Savannah G. Darnall (TN BPR 038499)
**WELBORNMALONE PLC**
One Burton Hills Blvd, Suite 200E
Nashville, TN 37215
charlie.malone@welbornmalone.com
joe.welborn@welbornmalone.com
savannah.darnall@welbornmalone.com

Jim Manley (admitted *pro hac vice*)
Jill Kuhn (admitted *pro hac vice*)
**Troutman Pepper Locke LLP**
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
(404) 885-3000
Jim.Manley@Troutman.com
Jill.Kuhn@Troutman.com

*/s/ Lucas T. Elliot*
Lucas T. Elliot