**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **SHOALS TECHNOLOGIES GROUP, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**PRYSMIAN CABLES AND SYSTEMS USA, LLC,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 3:23-cv-01153**<br>**DISTRICT JUDGE WIER**<br>**MAGISTRATE JUDGE FRENSLEY** |

**SHOALS TECHNOLOGIES GROUP, LLC'S ORIENTING MEMORANDUM**

Pursuant to the Court's August 4, 2026 Order, Plaintiff Shoals Technologies Group, LLC respectfully submits this Orienting Memorandum.

**A. <u>Parties and Claims.</u>**

There are two parties to the case – Plaintiff Shoals Technologies, Inc. ("Shoals") and Defendant Prysmian Cables and Systems USA, LLC ("Prysmian").

**1. Shoals' Claims.**

As set forth in its First Amended Complaint (Dkt. 57), Shoals is a manufacturer of electrical harnesses used in solar fields to transfer electricity from solar panels to the power grid or energy storage. Shoals' harnesses utilize photovoltaic (PV) wire. Prysmian manufactured and sold to Shoals PV wire that Shoals incorporated into its harnesses. The PV wire consists of a conductive copper wire surrounded by a polymer insulation layer that provides electrical protection and ensures safe operation.

Starting in March 2022 and throughout 2022, Shoals received complaints from customers about exposed conductor – meaning the insulation was no longer covering the conductive copper

wire – on harnesses made with Prysmian red (positive) PV wire.[1] Shoals immediately reported the issue to Prysmian. While Prysmian knew, or at a minimum strongly suspected, that excessive "shrinkback"[2] of its PV wire was to blame for the exposed conductor, Prysmian made affirmative misrepresentations to Shoals that the problem was caused by improper installation of the harnesses, not by Prysmian's wire. Over the course of 2022, Prysmian performed numerous internal tests which confirmed that its red PV wire was defective, but Prysmian did not share those test results with Shoals and instead continued to tell Shoals its customers' issues were unrelated to Prysmian's PV wire. Relying on Prysmian's misrepresentations, Shoals continued to purchase red PV wire from Prysmian, and Shoals' harnesses made with Prysmian's red PV wire continued to be installed in solar fields across the nation.

Finally, in December 2022, Prysmian suggested that Shoals no longer use its red PV wire in the solar harnesses due to excessive shrinkback. Thereafter, Prysmian ceased manufacture of its defective red PV wire and redesigned the product to address the excessive shrinkback defect experienced by Shoals' customers. At or around this time, Prysmian changed its position with Shoals and began (incorrectly) claiming that its discontinued wire, regardless of the amount of shrinkback, was not defective because there are no applicable industry standards and thus Prysmian is essentially immune from liability.

The defective red PV wire that Prysmian sold to Shoals for incorporation into its solar harnesses provided to customers across the nation has directly and proximately caused Shoals significant damages. To learn the scope of and remediate the shrinkback problem at its customers'

---

[1] Shoals' harnesses use both black (negative) and red (positive) PV wire. Shoals purchased both red and black PV wire from Prysmian for use in its solar harnesses.

[2] "Shrinkback" is the tendency for cable insulation to shrink away, or retract, from the ends of a cable and the subsequent exposure of bare conductor.

solar fields, Shoals hired independent service providers, including Pearce Services, to perform inspections and replacements of solar harnesses for Shoals' customers. These remediation efforts continue to this day, as Shoals' customers still report ongoing exposed conductor due to excessive shrinkback of Prysmian red PV wire.

Based on the foregoing, in its First Amended Complaint, Shoals asserts the following product liability, contractual and quasi-contractual, and tort claims against Prysmian:

| | |
|---|---|
| **Count I**: | Liability pursuant to the Tennessee Products Liability Act, TENN CODE ANN. 29-28-101 et seq.; |
| **Count II**: | Breach of Contract for Wire Sold Until November 2021; |
| **Count III**: | Breach of Contract Shoals' 2021 Terms and Conditions; |
| **Count IV**: | Unjust Enrichment (in the alternative to breach of contract claims); |
| **Count V**: | Breach of Implied Covenant of Good Faith and Fair Dealing; |
| **Count VI**: | Breach of Express Warranty; |
| **Count VII**: | Breach of Implied Warranty of Merchantability; |
| **Count VIII**: | Breach of Implied Warranty of Fitness for a Particular Purpose; |
| **Count IX**: | Express Indemnity; |
| **Count X**: | Equitable Indemnity; |
| **Count XI**: | Intentional Misrepresentation; |
| **Count XII**: | Negligence; |
| **Count XIII**: | Gross Negligence; and |
| **Count XIV**: | Strict Liability. |

Shoals' damages expert has opined that, as of June 30, 2025, Shoals had incurred $67.9 million in past damages (which includes $2.9 million in prejudgment interest) and will incur up to an additional $107.3 million in future damages. (Dkt. 150 at Ex. B). Shoals seeks a judgment against Prysmian for compensatory damages, punitive damages, attorney fees and expenses, and any other legal and equitable relief to which it is entitled.

### 2. Prysmian's Counterclaims.

In its Answer, Prysmian denies liability to Shoals. (Dkt. 60). Prysmian also asserts three counterclaims: (i) Prysmian seeks a declaratory judgment that it is not liable to Shoals and a resolution of all disputed issues in its favor; (ii) Prysmian asserts a breach of contract claim for $835,203.62 in unpaid invoices for certain PV wire after Shoals learned the red PV wire it had purchased was defective; and (iii) Prysmian asserts defamation claims against Shoals based on a 2023 earnings call that Shoals conducted as a publicly-traded company, in which Shoals spoke about the existence of its publicly-filed Complaint against Prysmian. In addition to its declaratory judgment claim, Prysmian seeks an award of compensatory damages and attorney fees.

## B. Pending Motions.

There are three categories of motions that are pending before the Court: (1) Shoals' motion for a jury trial; (2) the parties' cross motions for partial summary judgment and related motions; and (3) Prysmian's motion for spoliation sanctions against Shoals. Each is addressed briefly below, while the advocacy underlying the parties' respective positions is contained in the relevant filings.

### 1. Shoals' Motion for Jury Trial.

On October 31, 2025, Shoals filed a motion for a jury trial (Dkt. 85 (motion), 86 (memorandum of law)), based on Sixth Circuit precedent that a district court should exercise its discretion under Fed. R. Civ. Proc. 39(b) in favor of granting a jury trial absent strong and compelling reasons to the contrary. *See Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). On November 14, 2025, Prysmian filed an opposition to Shoals motion for a jury trial. (Dkt. 90). On November 21, Shoals filed a reply in support of its motion. (Dkt. 92).

On March 4, 2026, the case was reassigned to District Judge Waverly Crenshaw. (Dkt. 123). Thereafter, on March 11, 2026, the Court entered an Order directing the parties to file

supplemental briefing, which both parties did. (Dkt. 125, 135, 136). On March 25, 2026, the Court set an in-person hearing on the jury trial motion for May 12, 2026. (Dkt. 140). The day before the scheduled hearing, Judge Crenshaw recused himself from the case. (Dkt. 178).

It is undersigned counsel's understanding based on a recent status conference with the retiring Magistrate Judge (Judge Holmes) that the Magistrate Judge had determined to reserve ruling on this motion for the District Judge. Thus, Shoals' motion for jury trial remains pending.

**2. Cross Motions for Partial Summary Judgment and Related Motions.**

On February 27, 2026, the parties filed cross motions for partial summary judgment. (*See* Dkt. 106, 131 (Shoals) and Dkt. 100, 132 (Prysmian)).[3]

Shoals sought judgment establishing Prysmian's liability for breach of contract (Count II); breach of express warranty (Count VI); breach of implied warranty of merchantability (Count VII), and breach of implied warranty for a particular purpose (Count III). (Dkt. 105). Shoals also moved for judgment that Prysmian made actionable misrepresentations (Count XI) and for dismissal of Prysmian's defamation counterclaim. (*Id.*).

[3] The Initial Case Management Order (Dkt. 39) and Local Rule 7.01 prohibit parties from filing a motion for partial summary judgment and from filing briefs in excess of twenty-five (25) pages without leave of Court. Prior to the deadline, each party filed a motion with the Court seeking leave to file a motion for partial summary judgment and to enlarge the page limits for the summary judgment briefing. (Dkt. 97 and 98). Following the March 4, 2026 reassignment of the District Judge, the Court entered an Order on March 11, 2026, in which it: (1) reserved decision on whether it would grant or deny the parties' motions for leave to seek partial summary judgment; and (2) denied the parties' requests to exceed the page limits and instructed the parties to file memoranda compliant with the page limits set in the Local Rules. (Dkt. 125). Thus, both parties' original summary judgment memoranda (Dkt. 101, 107) were stricken from the record. (Dkt. 125). On June 10, 2026, while awaiting reassignment of this case, the retiring Magistrate Judge held a status conference with counsel for the parties. Following that conference, on June 17, 2026, the Magistrate Judge issued an Order granting both parties' motions for leave to file the partial motions for summary judgment, as well as granted all pending motions to seal. (Dkt. 185).

Prysmian, on the other hand, moved for judgment dismissing all of Shoals' claims save the single claim for breach of the duty of good faith and fair dealing, plus judgment in its favor on its counterclaims for declaratory relief and breach of contract. (Dkt. 100).

On March 18, 2026, in accordance with the Court's March 11 Order denying the parties' respective motions to exceed the 25-page limit, the parties filed revised memoranda in support of their motions for partial summary judgment. (Dkt. 131 and 132). On April 8, 2026, each party filed a response in opposition to the other's motion for partial summary judgment. (Dkt. 151, 156). On April 22, 2026, each party field a reply. (Dkt. 165, 171).

Related to the summary judgment filings, on April 8, 2026, Shoals filed a motion to strike documents produced by Prysmian months after the close of discovery and just prior to the summary judgment deadline. (Dkt. 144, 146). Prysmian filed its response on April 22, 2026, and Shoals filed its reply on April 29, 2026. (Dkt. 166, Dkt. 174). Prysmian's late-produced documents relate to the parties' dispute about the terms and conditions that govern the sale and purchase of the red PV wire.

Also related to the summary judgment filings, on May 1, 2026, Prysmian filed a motion to strike new evidence and argument in Shoals' summary judgment reply, or, alternatively, permission to file a sur-reply. (Dkt. 176). Shoals responded to Prysmian's motion to strike on May 15, 2026, and Prysmian filed its reply on May 22, 2026. (Dkt. 181, 182).

In summary, the parties' respective motions for partial summary judgment and associated motions are as follows: [4]

- Shoals' motion for partial summary judgment, where the applicable filings can be located at Docket Nos. 106 (motion), 131 (memorandum of law), 118 (corrected statement of undisputed material facts), 151 (opposition), 152 (response to statement of undisputed material facts), and 171 (reply);

[4] Shoals' citations are to the sealed documents.

- Prysmian's motion for partial summary judgment, where the applicable filings can be located at Docket Nos. 100 (motion), 132 (memorandum of law), 102 (statement of undisputed material facts), 156 (opposition), 159 (response to statement of undisputed facts), and 165 (reply);
- Shoals' motion to strike documents produced by Prysmian after the close of discovery, where the applicable filings can be located at Docket Nos. 144 (motion), 146 (memorandum of law), 166 (opposition), and 174 (reply); and
- Prysmian's motion to strike new evidence and argument in Shoals' summary judgment reply brief or request for leave to file a sur-reply, where the applicable filings can be located at Docket Nos. 176 (motion), 181 (opposition), and 182 (reply).

All of the above motions remain pending.

**3. Prysmian's Motion for Spoliation Sanctions.**

On July 10, 2026, Prysmian filed a motion for spoliation sanctions under Rule 37(e). (Dkt. 188 (motion), 190 (memorandum of law)). In its motion, Prysmian seeks an "non-rebuttable adverse inference" that its competitors' PV wire has the same defect as Prysmian's wire. On August 7, 2026, Shoals filed its response in opposition, setting forth the reasons that Prysmian's motion is without factual and legal merit. (Dkt. 200). Prysmian's reply would have been due on August 14, 2026; however, the Court granted Prysmian until August 21, 2026 to file its reply. (Dkt. 205). As set forth in the Parties' briefing, an associated issue implicated by this motion is Shoals' request for an order of the Court permitting Shoals to dispose of the preserved harnesses by a date certain.

**C. <u>Trial.</u>**

Shoals is ready for trial. Shoals requests only that the Court provide sufficient time for the usual pretrial procedure, as the breadth and focus of Shoals' pretrial filings likely will depend on the Court's ruling on certain of the pending motions.[5]

---

[5] In a recent telephone conference, the parties agreed that they will jointly seek relief from Local Rule 39.01(c)(5)(E), which permits the Court to require direct testimony of expert witnesses to be reduced to writing. The parties agree that live direct testimony of experts is preferred.

There is one current dispute between the parties that may be brought before the Court in relatively short order, but should not affect the trial date. In the course of expert depositions, Shoals discovered by happenstance that Prysmian's liability expert(s) designed and performed certain testing, apparently determined that the results of such testing were unfavorable to Prysmian, and then intentionally omitted any reference to the tests or test results in their expert reports in violation of Fed. R. Civ. Proc. 26(a). Prysmian's position is that such decision was the result of an agreement of counsel. Shoals disagrees. The parties discussed this dispute again in a telephone conference on August 17, 2026. While this is an issue that will need to be decided by the Court prior to trial, Shoals submits this is a pretrial issue that does not affect the parties' readiness for trial or the trial date.

Shoals anticipates that, irrespective of whether it is a jury trial or bench trial, the trial will likely last greater than two (2) weeks, but can be completed within three (3) weeks. As this case has been pending since 2023, Shoals respectfully requests that, if possible, the trial conclude no later than the end of March 2027.[6] In a recent telephone call amongst counsel, both parties agreed that a trial set in January 2027 would work for all parties, if it is acceptable to the Court.

Dated: August 18, 2026

Respectfully Submitted,

<u>*/s/ Charles I. Malone*</u>

Charles I. Malone (TN Bar No. 022904)
Joseph F. Welborn (TN Bar No. 015076)
Savannah G. Darnall (TN Bar No. 038499)
Welborn Malone PLC
One Burton Hills Blvd., Suite 200E
Nashville, TN 37215

James B. Manley (admitted *pro hac vice*)
Jill Kuhn (admitted *pro hac vice*)
Troutman Pepper Locke LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Telephone: (404) 885-3000

[6] Lead trial counsel for Shoals has a multi-week jury trial in another matter scheduled to begin in May 2027 and respectfully requests that the Court avoid setting the trial on dates that would prevent undersigned counsel from adequately representing their clients in both trials.

Jim.Manley@Troutman.com
Jill.Kuhn@Troutman.com

Jessalyn H. Zeigler (TN Bar No. 016139)
Kathryn H. Walker (TN Bar No. 020794)
Bass, Berry & Sims PLC
21 Platform Way South, Suite 3500
Nashville, TN 37203
Telephone: (615) 742-6289
jzeigler@bassberry.com
kwalker@bassberry.com

Telephone: (615) 455-0360
Charlie.malone@welbornmalone.com
Joe.welborn@welbornmalone.com
Savannah.darnall@welbornmalone.com

*Counsel for Plaintiff Shoals Technologies Group, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court via ECF and served on all counsel of record by a manner authorized by LR 5.01:

**MORGAN, LEWIS & BOCKIUS LLP**
Cecilia M. Bole
110 N. Wacker Drive
Chicago, IL 60606
cecelia.bole@morganlewis.com

Cullen G. Pick
David J. Levy
Kyle T. Henk
Susan Stradley
1000 Louisiana, Suite 4000
Houston, TX 77002
cullin.pick@morganlewis.com
david.levy@morganlewis.com
kyle.henk@morganlewis.com
susan.stradley@morganlewis.com

Deanne Miller
300 South Grand Avenue
22nd Floor
Los Angeles, CA 90071
deanne.miller@morganlewis.com

*Attorneys for Defendant Prysmian Cables and Systems USA, LLC*

**FBT Gibbons LLP**
Elle G. Kern
Lucas T. Elliot
150 3rd Avenue South
Suite 1900
Nashville, TN 37201
ekern@fbtlaw.com
lelliot@fbtlaw.com

*Attorneys for Defendant Prysmian Cables and Systems USA, LLC*

*/s/ Charles I. Malone*