# Exhibit D

Lucas T. Elliot
Partner
+1 615.251.5565 (t)
lelliot@fbtgibbons.com

April 29, 2026

VIA ELECTRONIC MAIL

James Manley
Troutman Pepper Locke LLP
600 Peachtree Street, N.E., Suite 3000
Atlanta, GA 30308
Jim.Manley@Troutman.com

Re: *Shoals Technologies Group, LLC v. Prysmian Cables and Systems USA, LLC;*
Case No. 3:23-cv-01153

Dear Jim:

I write to follow up on our discussions at the conclusion of yesterday's deposition of Prysmian's expert, Dr. James Salmon, and to formalize Prysmian's response to your demands for additional files from Fusion Engineering and the completion of Dr. Salmon's deposition at a future date.

On December 29, 2025, Jessie Zeigler, lead counsel for Shoals, wrote to Cullen Pick, counsel for Prysmian, regarding the production of the experts' "working files" in advance of their depositions, in which she stated (emphasis added):

> Cullen:
>
> We do not believe that either party served written discovery requests for the information below and FRCP 26(c)(4) [sic] does not provide a duty to independently disclose such information. Rather, it sets forth that certain of the information you have requested is not discoverable. The experts' reports provided the information required by FRCP 26(a)(2)(B); to the extent you seek trial exhibits that each expert may use at trial we suggest those be exchanged by the parties in accordance with local rule 39.01(c)(5)(e).
>
> We also suggest that **the parties agree to exchange the discoverable portion of the testifying experts' working files** by January 15th so that both parties have the information prior to taking the experts' depositions. **By working file, we refer to any data that they relied upon**, documentation of the compensation they have been paid, and communications with counsel to the extent they are not exempt from discovery under FRCP 26(c)(4).
>
> Please advise if this is agreeable.
>
> We will respond separately regarding the specific information you have requested of experts MacLean, Wilner, and Weiner.

This was in response to Mr. Pick's December 19, 2025 email requesting working files and other expert materials, including: "1. All documents, communications, data, notes, test results, and materials relied on in forming the opinions that an expert may offer at trial," and "6. Electronic files reflecting the inputs, assumptions, formulas, and outputs of any computer or software model used by an expert in forming any opinion they intend to offer at trial;" that, as you can see, Ms. Zeigler contended was overly broad under the Rules and not requested (by either party) in written discovery.

Prysmian accepted the agreement and has been operating in good faith reliance on that agreement throughout the expert deposition phase of this action. To that end, Prysmian has produced the "working files" of each of its experts, including Dr. Salmon's Fusion Engineering file, comprising those materials "relied upon" by its experts. We assumed that Shoals was likewise following this agreement *that it proposed*. For example, we note that despite spending over $6 million on its engagement, Exponent produced a working file at Dr. MacLean's deposition containing only limited data (comprised mostly of photographs) relating to Exponent's original report. We did not believe that Exponent's production comprised the entirety of Exponent's file in this action, similar to what you now seek from Fusion Engineering, but we have not raised the issue previously believing Shoals complied with the parties' agreement.

At yesterday's deposition of Dr. Salmon—the ninth of ten expert depositions, and more than a month after Dr. MacLean's deposition—you claimed, for the first time, that Prysmian was obligated to produce every document in Fusion's file regardless of whether Dr. Salmon relied on those documents or not in forming his opinions that he intends to offer at trial. In fact, during his deposition, Dr. Salmon testified repeatedly that he did not include those materials in his "working file" because he did not rely on the additional materials you seek, and those materials did not form a basis for any of his opinions. We vehemently disagree with your position regarding the scope of the experts' files subject to production in this action, which far exceeds and violates the parties' agreement and obligations under Rule 26 (as well as Mr. Pick's original proposal on working file disclosures). Nonetheless, Prysmian will produce the non-relied upon remaining portion of the Fusion file. Dr. Salmon will pull it together when he returns to his office and we will produce the file as soon as it is ready, subject to Exponent's reciprocal compliance stated below. In addition, since the attorneys will all be in Nashville on May 12, 2026 for the Court's hearing at 3:00p.m., we will make Dr. Salmon available that morning at FBT Gibbons' office for the completion of his deposition. (For clarification: We will not agree to present any non-testifying or consulting expert, including Kevin Jones, for deposition.)

In return, and as you "happily" agreed on the record, we expect to promptly receive from Exponent a declaration under penalty of perjury attesting that Exponent has produced its complete "working file", as now defined by you, including but not limited to, "any other test of any sort in this matter [run by Exponent] where the data was not disclosed to [Prysmian]" (including involving any third-party products or components, such as Southwire or Integro), "all the data on all the tests that were run by [Exponent]" (including involving any third-party products or components), all site visit

reports, photographs, videos, notes, and measurements, whether relied upon or not by Exponent or Dr. MacLean in connection with their engagement in this matter.

If Exponent's production was not complete, then we demand that Shoals produce the complete file by May 8, 2026, and that Shoals provide available dates for Dr. MacLean's supplemental deposition before May 29, 2026. If Exponent has destroyed any responsive portion of its file, Dr. MacLean must identify and describe all such portions, and explain when and why those portions were destroyed.

I will be available tomorrow at Mr. Perdue's deposition if you want to discuss this matter further. Or, if you prefer to bring this matter to Judge Holmes' attention, please let me know so we can draft our discovery dispute letter. Otherwise, we look forward to receiving confirmation of Dr. Salmon's deposition on May 12th, and (1) Exponent's declaration and/or (2) Exponent's supplemental production and available dates for Dr. MacLean's deposition.

Sincerely,

FBT Gibbons LLP

*/s/ Lucas T. Elliot*

Lucas T. Elliot

cc: Jill Kuhn (Jill.Kuhn@Troutman.com)
Charles I. Malone (Charlie.malone@welbornmalone.com)
Joseph R. Welborn (joe.welborn@welbornmalone.com)
Savannah G. Darnall (savannah.darnall@welbornmalone.com)
Jessalyn H. Zeigler (jzeigler@bassberry.com)
Courtney A. Hunter (courtney.hunter@bassberry.com)
Kathryn H. Walker (kwalker@bassberry.com)

2799560.0779049 4903-5777-2198