# Exhibit F

| | |
|---|---|
| **From:** | Elliot, Lucas T. |
| **Sent:** | Monday, May 11, 2026 6:09 PM |
| **To:** | Jim Manley |
| **Cc:** | Jill C. Kuhn; Jessie Zeigler; Kathryn Walker; courtney.hunter@bassberry.com; charlie.malone@welbornmalone.com; joe.welborn@welbornmalone.com; savannah.darnall@welbornmalone.com; MLBShoalsvPrysmian@morganlewis.com; Kern, Elle G.; Batts, Antonette M. |
| **Subject:** | Re: Shoals v. Prysmian: Expert Discovery Involving Fusion and Exponent |
| **Attachments:** | image001.jpg; image002.jpg; image003.jpg; Shoals_March 20 2026 S. MacLean Production Transmittal Letter.pdf |

Jim,

Well, I didn't have Judge Crenshaw recusing himself on my bingo card. Since our day tomorrow suddenly freed up, let us know if you want to meet and confer on the pending expert dispute.

Thanks!!!


**Lucas T. Elliot**
Partner

**FBT Gibbons**
Nashville Direct +1 615.251.5565
Houston Direct +1 214.580.5859
Mobile +1 713.705.4569


On May 1, 2026, at 6:14 PM, Elliot, Lucas T. <lelliot@fbtlaw.com> wrote:

**Jim,**

**Further to my April 29, 2026 letter, attached please find Briana Sprick Schuster's March 20, 2026 letter to me transmitting Exponent's file following Dr. MacLean's deposition, in which Briana states "[t]his letter accompanies Shoals' production of documents that Steve MacLean *relied upon* for his expert report and was available at his expert deposition on March 9, 2026 in the above-referenced litigation." The letter also references "some Bates labeled documents reviewed and *relied upon* . . . ." Nowhere in the letter does it state that Shoals is transmitting Exponent's *entire* file.**

**We made an agreement on the record at Dr. Salmon's deposition after you accused us of violating our obligations under the agreement previously reached with Shoals. That agreement requires your expert, Exponent, to provide us with a sworn declaration that it has produced its *entire* file or to supplement that production, similar to the demand you have now made on Fusion**

**Engineering. We expect you to honor that agreement. To be clear, we also reject the implication in your letter that somehow the agreement of an attorney-of-record for Shoals (not to mention its designated lead attorney under the local meet-and-confer rules) is personal to that attorney and does not bind Shoals.**

**We expect to have Fusion's remaining file on Monday morning ready for production. However, in light of your email, we will not turn over that file until we reach agreement on the parties' mutual obligations, or we address the matter with Judge Holmes. For now, we will not be making Dr. Salmon available for deposition on May 12. Instead, let's plan to meet in person to discuss this matter so we can satisfy our discovery dispute obligations. If you will not honor your agreement to provide the declaration or the remaining files from Exponent, then we will take up the matter with the Court. If you, Charlie, or Jessie, want to discuss this matter with David and me next week, we will strive to make ourselves available, even though I will also be on vacation.**

**Best, Lucas**

**Lucas T. Elliot**
Partner

**FBT Gibbons**
Nashville Direct +1 615.251.5565
Houston Direct 214.580.5859
Mobile +1 713.705.4569

---

**From:** Manley, Jim <Jim.Manley@troutman.com>
**Sent:** Friday, May 1, 2026 5:22 PM
**To:** Elliot, Lucas T. <lelliot@fbtlaw.com>
**Cc:** Kuhn, Jill C. <Jill.Kuhn@troutman.com>; Zeigler, Jessie <JZeigler@bassberry.com>; Walker, Kathryn <KWalker@bassberry.com>; courtney.hunter@bassberry.com; Charlie.malone@welbornmalone.com; joe.welborn@welbornmalone.com; savannah.darnall@welbornmalone.com; MLB Shoals v. Prysmian <MLBShoalsvPrysmian@morganlewis.com>; Kern, Elle G. <ekern@fbtlaw.com>; Batts, Antonette M. <ABatts@fbtlaw.com>
**Subject:** RE: Shoals v. Prysmian: Expert Discovery Involving Fusion and Exponent

Lucas,

As you may recall, I leave tomorrow for a vacation out of the country, but I wanted to respond briefly to your April 29 letter before my departure. I do not agree with your characterization of the issues in your letter nor with any purported agreement between the parties to supposedly alter the Federal Rules of Civil Procedure. I will, however, discuss this matter with Ms. Zeigler upon my return, as you assert this claimed agreement was between her and Mr. Pick.

As for Exponent (and all our experts), it has always been my understanding that they produced everything required by Federal Rule of Civil Procedure 26. I will, however, confirm that to be the case upon my return from vacation. I have no intention of subjecting Exponent to your demands for affidavits or supplemental depositions, however, as that is

entirely unrelated to the issue of Dr. Salmon's undisclosed testing that we only learned about by happenstance.

After we review the additional information you told us in your letter you would produce, we will let you know specifics regarding Dr. Salmon's deposition continuation.

I am happy to discuss these matters further on May 12 when we are all in Nashville. In the interim, feel free to reach out to Charlie if you would like.

Best regard,

**Jim Manley**
**Partner**
**troutman pepper locke**
Direct: 404.885.3080 | Mobile: 404.310.6644
jim.manley@troutman.com

---

**From:** Elliot, Lucas T. <lelliot@fbtgibbons.com>
**Sent:** Wednesday, April 29, 2026 1:30 PM
**To:** Manley, Jim <Jim.Manley@troutman.com>
**Cc:** Kuhn, Jill C. <Jill.Kuhn@troutman.com>; Zeigler, Jessie <JZeigler@bassberry.com>; Walker, Kathryn <KWalker@bassberry.com>; courtney.hunter@bassberry.com; Charlie.malone@welbornmalone.com; joe.welborn@welbornmalone.com; savannah.darnall@welbornmalone.com; MLB Shoals v. Prysmian <MLBShoalsvPrysmian@morganlewis.com>; Kern, Elle G. <ekern@fbtgibbons.com>; Batts, Antonette M. <abatts@fbtgibbons.com>
**Subject:** Shoals v. Prysmian: Expert Discovery Involving Fusion and Exponent

CAUTION: This message came from outside the firm. DO NOT click links or open attachments unless you recognize this sender (look at the actual email address) and confirm the content is safe.

**Jim,**

**Attached please find my letter to you following up on our discussion at the conclusion of Dr. Salmon's deposition yesterday.**

**Best, Lucas**

**Lucas T. Elliot**
Partner

150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Direct +1 615.251.5565
Main +1 615.251.5550
Mobile +1 713.705.4569
lelliot@fbtgibbons.com

1100 Louisiana Street, Suite 4300
Houston, TX 77027
Direct 214.580.5859
Main +1 713.590.9300

Add @fbtgibbons.com to your approved senders to ensure delivery.

---

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling FBT Gibbons at (513) 651-6800, so that our address record can be corrected.

---

NOTICE: This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. E-mails may be monitored or scanned for security and compliance purposes. For more information, including privacy notices and policies, please visit www.troutman.com. If services are provided by Troutman Pepper Locke UK LLP, please see our London office page (www.troutman.com/offices/london.html) for regulatory information.

**Briana T. Sprick Schuster**
briana.sprick.schuster@bassberry.com
+1 (615) 742-7853

March 20, 2026

**Via Electronic Mail**

Mr. Lucas T. Elliot
FROST BROWN TODD LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201
Telephone: (615) 251-5550
lelliot@fbtlaw.com

**Re: Shoals Technologies Group, LLC v. Prysmian Cables and Systems USA, LLC, Case No. 3:23-cv-01153 – Dr. MacLean's files**

Counsel:

This letter accompanies Shoals' production of documents that Steve MacLean relied upon for his expert report and was available at his expert deposition on March 9, 2026 in the above-referenced litigation.

The documents can be accessed through the link provided in the email to which this letter is attached. The zip file is password-protected and the password will be provided to you in a separate email.

We want to draw your attention to one item included: a replacement to Exhibit 1076 which was marked during Dr. MacLean's deposition. As we prepared to produce the native Excel and Bates labeled documents, we noticed some Bates labeled documents reviewed and relied upon inadvertently included the Bates numbers in the securities lawsuit because of how the documents were printed in PDF from the Relativity database. This resulted in the column "BATES Pg" of Ex. 1076 referencing the securities Bates labeled document rather than the documents labeled for this litigation. We also identified some instances in which the column "File Name" and "BATES Pg" needed to be re-aligned with the remaining columns to match the raw data (somehow the underlying document had become "unlinked" to the corresponding data during sorting). This replacement spreadsheet updates the spreadsheet so the data in all columns match up with the underlying documents identified in the "File Name" column. The replacement spreadsheet does not change the underlying documents, data, and analysis, and there are no new or removed data. Enclosed is a new PDF of Exhibit 1076 which should replace the document marked during Dr. MacLean's deposition. If you have any questions, please let us know.

This production includes the following documents:

1. Replacement Ex. 1076 – we are providing a copy of this to the court reporter as well;

2. SMaclean new materials and analysis:
    a. Subfolder: Bates Documents – Packing lists
    b. Subfolder: Rebuttal citations
    c. Rebuttal to Prysmian experts document
    d. Additional Materials Considered List
    e. Packing list Analysis;
3. SMaclean Report – Contains Dr. MacLean's opening report, all appendices and supplemental attachments;
4. SMaclean Report Citations – Contains all files cited in Dr. MacLean's opening report, including bates docs, deposition transcripts, and external sources, such as academic articles and textbooks; and
5. SMaclean Working File – Identical to what was already produced.

This production is made subject to and without waiving the objections Shoals sets forth in its written responses to Prysmian's Requests for Production. These documents are also labeled CONFIDENTIAL per the terms of the Parties' Agreed Protective Order (Dkt. 45).

Very truly yours,

Briana Sprick Schuster

cc: Elle G. Kern, Esq. (Frost Brown Todd, LLP)
David J. Levy, Esq. (Morgan, Lewis & Bockius, LLP)
Cullen Pick, Esq. (Morgan, Lewis & Bockius, LLP)