# Exhibit G

Troutman Pepper Locke LLP
Bank of America Plaza, 600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308

troutman.com

troutman pepper locke

James B. Manley, Jr.
Partner
D 404.885.3080
F 404.885.3900
jim.manley@troutman.com

May 15, 2026

**VIA E-MAIL**

Lucas T. Elliot
lelliot@fbtlaw.com
Frost Brown Todd LLP
150 3rd Avenue South, Suite 1900
Nashville, TN 37201

David J. Levy
david.levy@morganlewis.com
Morgan, Lewis, & Bockius LLC
1000 Louisiana Street, Suite 4000
Houston, TX 77002-5006

**Re:** ***Shoals Technologies Group, LLC v. Prysmian Cables and Systems USA, LLC*, Case No. 3:23-cv-01153**

Dear Counsel:

I am writing to more fully respond to your April 29th letter and May 1st email now that I have returned from my vacation.

First, at Dr. Salmon's deposition, I did not accuse you of violating an agreement reached between counsel. To be clear, our issue is that Dr. Salmon (along with Dr. Menna and Dr. Neuhalfen) violated the Federal Rules of Civil Procedure and Court Orders by performing testing as part of their work in this case and then failing to disclose such testing in their expert reports because they apparently did not like the results. It was you that claimed counsel had an agreement that they could do so, relying on a December 2025 email exchange.

Second, I indicated in my May 1 email that I wanted to discuss this issue with Ms. Zeigler upon my return from vacation. I did not wish to have further discussion with Ms. Zeigler because Ms. Zeigler lacked authority to act as counsel for Shoals in these matters. Instead, I wanted to have further discussions with her because I did not agree with your characterization of the email and wanted to ensure I had not missed something. I have now spoken to Ms. Zeigler who confirmed the intent of the December 2025 email, which was <u>*not*</u> to relieve experts from complying with their obligations under Federal Rule of Civil Procedure 26(a). Rather, as the full email chain demonstrates, the purpose of the email was to reach an agreement regarding what materials counsel would provide in connection with upcoming depositions *in addition to the experts' required disclosures in their Rule 26(a) reports*.

troutman pepper locke

Third, as I told you I would, I have confirmed again with Dr. MacLean that he did not fail to disclose any test data or test results and has complied with the Federal Rules. Your demands for an affidavit and supplemental deposition of Dr. MacLean are a red herring, entirely unrelated to the issue of Dr. Salmon (along with Dr. Menna and Dr. Neuhalfen) failing to disclose tests designed, conducted, and considered as part of his work in this case. I am not going to allow the issues to be confounded.

Fourth, it is Prysmian's decision whether to turn over those missing tests and data now that we have discovered their existence. Irrespective of whether it does so or not, we anticipate filing a motion for the appropriate relief with the Court.

Best regards,

James B. Manley, Jr.
Partner

cc:
Jessie Ziegler
Briana Sprick Schuster
Jill Kuhn
Charlie Malone
Joseph Welborn
Savannah Darnall
Elle Kern
Cullen Pick